### COMMONWEALTH *vs.* SAMUEL  W.  EMMONS.
### SAME *vs.* SAME.

If a complaint on the Gen. Sts. *c.* 88, § 71, charges that the defendant was the keeper of "a billiard room or table," and "did admit thereto" a minor without written consent of his parent or guardian, the objection that this charge is bad because made in the alternative is such an objection to a formal defect, within the meaning of the St. of 1864, *c.* 250, § 2, as must be taken before judgment by the magistrate to whom the complaint was made.

To sustain a complaint on the Gen. Sts. *c.* 88, § 71, against the keeper of a billiard room for admitting a minor thereto without written consent of his parent or guardian, it is not needful to aver or prove guilty intent of the defendant.

At the trial of a complaint on the Gen. Sts. *c.* 88, § 71, against the keeper of a billiard room for admitting a minor thereto without written consent of his parent or guardian, no exception lies to the exclusion, as immaterial, of evidence that the minor, in applying for admittance, declared that he was of full age, and the defendant did not know and had no reason to believe otherwise; nor of evidence that the minor, having been forbidden by the defendant to enter the room, was admitted by the defendant's agents or servants having charge thereof in his absence.

If, at the trial of a complaint on the Gen. Sts. *c.* 88, § 71, against the keeper of a billiard room, for admitting a minor thereto without written consent of his parent or guardian, the judge permits the jury to determine, by personal inspection of the alleged minor as a witness, whether or not he was a minor at the time of the alleged offence, without other evidence of his age, no exception lies, unless it plainly appears that the defendant was prejudiced thereby.

Two COMPLAINTS alleging that the defendant was " keeper of a billiard room or table," and " did admit thereto " Austin S. Lynde and Henry P. McDonald, minors, without the consent of their parents or guardians.

---

In the superior court, on appeal from the judgment of a trial justice, the defendant filed motions to quash the complaints as void for uncertainty, in charging the keeping of " a billiard room or table," and not averring to which the alleged minors were admitted, but only that he " did admit" them " thereto "; nor averring that the defendant admitted them knowing that they were minors; and also not averring that the room or table was unlawfully kept for hire, gain or reward. These motions being overruled by *Brigham*, J., the cases were tried together, and on the trial the fact that the defendant kept a billiard room was not disputed.

In the instance of Lynde it appeared that, at the time of the alleged offence, he was almost twenty years old, and fully grown, and did business independent of his parents; and the defendant offered evidence, which the judge excluded, that when Lynde came to the room the defendant asked him whether or not he was a minor, saying that, if he was so, he must not enter, and Lynde replied that he was of full age.

In the instance of McDonald, he, being called as a witness, was asked by the attorney for the government how old he was. The defendant objecting that he was not a competent witness to prove his own age, the judge ruled that the jury might determine by personal inspection of him whether or not he was a minor; and no other evidence of his age was offered. The defendant offered evidence, which the judge excluded, that when he first came to the room the defendant forbade him to enter and that he went away, but came back afterwards (at a time when it did not appear that the defendant was present or was aware of the fact) and looked on while others played, but did not play himself.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. P. Harding*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

BIGELOW, C. J. 1. The objections to the form of the complaints, not having been taken at the trial of the cases before the magistrate, are not now open to the defendant. St. 1864, *c.* 250 § 2. *Commonwealth* v. *Walton*, 11 Allen, 240.

2. The evidence excluded was immaterial. It did not tend to prove or disprove any essential fact. It did not show, or have any tendency to show, either that the alleged minors were of age, or that the defendant did not actually admit them to the billiard room kept by him. Nor was it material to show that the defendant did not know or have reason to believe that the alleged minors were under age. The prohibition of the statute is absolute. The defendant admitted them to the room at his peril, and is liable to the penalty, whether he knew them to be minors or not. The offence is of that class where knowledge or guilty intent is not an essential ingredient in its commission and need not be proved. *Commonwealth* v. *Boynton*, 2 Allen, 160. *Commonwealth* v. *Farren*, 9 Allen, 489. *Commonwealth* v. *Waite*, 11 Allen, 264. If the minors were actually present in the room and suffered to remain therein, either by the defendant or by his servants or agents who had the charge and keeping thereof, it was irrelevant and immaterial to prove that the defendant had previously forbidden them to enter, or that he was not present when they were permitted to be there.

3. There is nothing in the bill of exceptions from which it can be inferred that the defendant was aggrieved by the ruling of the court in permitting the jury to judge whether one of the alleged minors was under age from his appearance on the stand. There are cases where such an inspection would be satisfactory evidence of the fact. It certainly was not incompetent for the jury to take his appearance into consideration in passing on the question of his age; and, as it does not appear that this may not have afforded plenary evidence of the fact, the defendant fails to show that he was convicted on insufficient evidence, or that he has been prejudiced by the ruling of the court.

*Exceptions overruled.*