**STATE of Iowa, Plaintiff-Appellee,**

v.

**Douglas THOMPSON,
Defendant-Appellant.**

No. 84–156.

Court of Appeals of Iowa.

Jan. 29, 1985.

Charles Harrington, Appellate Defender, and LuAnn White, Asst. Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Rebecca L. Claypool, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

### Nature Of The Case

Defendant, Douglas D. Thompson, appeals from his conviction and sentence for two counts of Lascivious Acts with a Child, in violation of section 709.8(3) of the 1983 Iowa Code. Defendant was charged with soliciting a 12-year old boy and a 13-year old boy to "engage in a sex act for the purpose of arousing or satisfying the sexual desires of either himself or the child." A jury found Thompson guilty on both counts. The court sentenced Douglas Thompson to a term of prison not to exceed five (5) years on each count, with the sentences to run consecutively.

### Statement Of The Facts

The defendant lived at a trailer park outside of Oxford, Iowa. Two boys, Brian Sokol, age 12, and Jack Hensley, age 13, lived at the park and were acquainted with the defendant.

After school one day Thompson asked Sokol if he would help him move a television set. Sokol testified that he rode with the defendant to Iowa City, during which time Thompson talked about having sex with both women and men and his desire to take the Sokol boy to a whorehouse and show him a sex movie at his trailer.

The television was picked up from a house in Iowa City. On the drive back to Oxford, Thompson turned off on a gravel road, got out of the car and urinated. When he got back in his car, he asked Sokol if he'd like a blow job. Thompson offered $20 to Sokol if he could perform the sex act. Sokol refused and on returning home told his mother of the incident.

Thompson took Jack Hensley to Oxford where Thompson went to buy beer and cigarettes. On the return trip, Hensley stated that Thompson stopped his automobile and began to talk about sexual matters and stated that he was gay and would like to pay Hensley between $75–$100 to give the boy a blow job. Thompson made the offer numerous times and finally ended up taking Hensley back to his family's trailer home. Hensley told his mother about the incident and the police were called. The incidents with Sokol and Hensley happened in September of 1983.

The defendant took the stand in his own defense and stated that he did not solicit either Brian Sokol or Jack Hensley to engage in a sex act.

### I. Age Of Defendant

Defendant complains that the trial court should have sustained his motion for acquittal because the prosecution failed to present any evidence of his age. Section 709.8(3) of the Iowa Code under which the defendant was charged provides in part as follows:

> ... It is unlawful for any person *eighteen years of age or older* to perform any of the following acts with a child with or without his or her consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them ...

The State does not disagree with Thompson that there was no direct testimony as to Thompson's age; rather, the State argues that there was substantial evidence from which the jury as a trier of fact could find that Thompson was over 18 years of age. The State points to the fact that the defendant was in the courtroom and visible to the jury during the trial. Furthermore, the defendant testified at length in his own defense and testified among other things that on September 9, 1983, he took Hensley with him into the town of Oxford where the defendant purchased beer, as well as cigarettes.

The trial court in overruling Thompson's motion held that the age issue was a factual matter for the jury to determine and determined that defendant's counsel in opening statement indicated the only ele-

ment involved in the trial was solicitation. The jury was instructed, among other things, as follows:

We must find the defendant not guilty of the offense charged in Count I [and II] of the Information, Lacivious Acts With a Child, unless the State establishes by evidence beyond a reasonable doubt, each of the following elements:

1. That on or about the 9th day of September, 1983, the defendant did solicit Brian Sokol to engage in a sex act, as that term is explained in Instruction No. 9.

2. That such act or acts were with the intent to arouse or satisfy the sexual desires of the defendant or Brian Sokol.

3. *That the defendant was, at the time of the commission of such act or acts, 18 years of age or older.*

4. That said Brian Sokol was, at the time of the commission of such act or acts, under the age of 14 years.

5. That, at the time of the commission of such act or acts, defendant and Brian Sokol were not married to each other.

If you find the State has proved beyond a reasonable doubt each and all of the elements, then you will find the defendant guilty as to Count I; but, if you find the State has failed to prove beyond a reasonable doubt one or more of the elements, then you shall find the defendant not guilty as to Count I. (additions made to original text as Instruction 12 is substantially identical to No. 11.).

There is no argument that the State had the burden of proving the age of the defendant as one of the essential elements of the crime.

In a case where it was undisputed that the State made no specific attempt to prove by direct evidence that the defendant was over 18 years of age in a prosecution for the crime of sexual assault where being over 18 years of age was an essential element of the crime, the Nebraska Supreme Court said:

"[T]he defendant was present in court, was identified by witnesses at trial, and testified on his own behalf. Therefore,

his physical appearance was open to view by the jurors, whose attention was unquestionably drawn to the defendant when he testified and at various times during the trial. It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age. It has been held, however, that the jury may not fix the age of the defendant by merely observing him during the trial; and that there must be some other evidence in conjunction with the appearance of the defendant."

"We note the jury was instructed that it must find beyond a reasonable doubt the defendant was more than 18 years of age before it could return a verdict of guilty. The jury was clearly instructed that the State had the burden of proving this element of the crime. Obviously, the jurors reached the conclusion from their observation and from the evidence that defendant was over 18 years of age."

*State v. Lauritsen*, 261 N.W.2d 755, 757, 199 Neb. 816 (1978). And in *People v. Montalvo*, 4 Cal.3d 328, 93 Cal.Rptr. 581, 482 P.2d 205, 49, ALR 3rd 518 (1971) the Supreme Court of California indicated that their holding in reversing a conviction because of a barren record on age as an element of the crime should not be interpreted so as to require the prosecution in every instance to prove the actual age of the defendant, and said:

"[7, 8] Our holding should not be interpreted so as to require the prosecution in every instance to prove the actual age of the defendant. There will be occasions when his physical appearance will be such that the jury could not entertain a reasonable doubt that he was over the age of 21 years. 'Experience teaches us that corporal appearances are approximately an index of the *age* of their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted and weighed for what it may be in each case worth. In particular, the *outward physical* ap-

pearance of an alleged minor may be considered in judging of his *age;* a contrary rule would for such an inference be pedantically over-cautious.' (2 Wigmore, Evidence (3d ed. 1940) § 222, pp. 5–6 (emphasis in original); see generally Note, A Defendant's Appearance as Evidence of His Age (1958) 15 Wash. & Lee L.Rev. 290.) Moreover, it 'is settled that a view of the scene by the trial judge is independent evidence on which a finding may be made and sustained (*Otey v. Carmel Sanitary Dist.,* 219 Cal. 310, 312, 26 P.2d 308 [(1933)], Evid.Code, § 140)' (*Hutcherson v. Alexander* (1968) 264 Cal.App.2d 126, 131, 70 Cal.Rptr. 366 369.) Similarly, a view of the defendant by the trier of fact in an appropriate case may be sufficient to support a finding that the defendant is an adult. In any event, the information or indictment must contain the necessary language as to age and in jury trials, the jury must be properly instructed as to all of the elements of the offense.''

The defendant was present in the courtroom during the entire trial. He was recognized and identified by the witnesses. He testified at length in his own behalf. He was a chef and repaired television and radio equipment. He was served a drink by Mrs. Sokol. He had at sometime prior participated in the Big Brother program. By his own admission and the testimony of others he had purchased beer[1] and cigarettes at a local establishment. The trial judge who presided at the trial and observed the defendant throughout the proceedings determined the issue was for the jury. The jury was instructed that they were required to find that Thompson was at the time of the commission of said act or acts, 18 years of age or older.

Taking all these factors into consideration, we determine there was substantial evidence from which the jury could make a finding that defendant was 18 years of age or older.

## II. Statements Of Defendant

Thompson objected to certain testimony of the alleged victims that Thompson told them he had sexual relations with other men, and women as well.

A ruling on the admissibility of evidence will not be overturned on appeal unless the trial court has abused its discretion. *See State v. Oppelt,* 329 N.W.2d 17, 19 (Iowa 1983).

> "The State is always entitled to show what actually happened at the time of the offense. The fact that this may necessarily include recitation of the commission of another crime or other unfavorable circumstances does not render such evidence inadmissible."

*State v. Drake,* 219 N.W.2d 492, 494 (Iowa 1974).

██ The statements purportedly made by the defendant and testified to by the boys were properly admissible. "Statements and conduct of accused at the time of the commission of the offense are part of the transaction itself and may be admissible as res gestae, although they may have a tendency to inflame the minds of the jury, * * *." 22A C.J.S. *Criminal Law* § 669 at p. 686 (1961). The mere fact that the testimony is not directly relevant to the elements of the crime charged does not render it inadmissible, absent more. *See State v. Lyons,* 210 N.W.2d 543, 546 (Iowa 1973). The evidence is beneficial to accurately ascertain and describe what actually was happening at the time the alleged crime occurred. *See id.* The trial court did not abuse its discretion in admitting the evidence.

AFFIRMED.

---

1. Iowa Code 123.47 provides that no person shall give, sell or supply alcoholic liquor or beer to any person not of legal age. Legal age is defined for such purpose by 123.3(33) as nineteen years of age or older.