## COMMONWEALTH *vs.* RONALD L. PITTMAN.

No. 87-111.

Essex.   September 30, 1987. — November 3, 1987.

Present: DREBEN, KASS, & FINE, JJ.

*Robbery. Evidence,* Age. *Practice, Criminal,* Lesser included offense, Sentence, Instructions to jury, Cross-examination by prosecutor.

This court expressed its view that, when proof of age is necessary to establish a criminal offense and the record does not reflect that the person whose age must be proved falls into a marked extreme of old age or youth, the Commonwealth must produce some evidence of age in addition to the person's physical appearance. [26-28]

In a prosecution under G. L. c. 265, § 19 (*a*), for unarmed robbery of a person over the age of sixty-five, in which the record contained no basis for placing the victim in the category of persons obviously over the age of sixty-five, this court vacated the sentence imposed under § 19 (*a*) and remanded the case to the Superior Court for resentencing of the defendant on the basis of conviction on the lesser included offense of unarmed robbery of a person *under* the age of sixty-five, G. L. c. 265, § 19 (*b*). [28]

The judge at a criminal trial erred neither in his charge to the jury with regard to the defendant's alibi nor in his implied ruling, when he overruled an objection by the defendant, that the probative value of the prosecutor's cross-examination of an alibi witness concerning the defendant's past intoxication, in order to contradict the defendant's alibi, outweighed its potential prejudice. [28-29]

INDICTMENTS found and returned in the Superior Court Department, one on January 14, 1986, and two on January 15, 1986, respectively.

The cases were tried before *John L. Murphy, Jr.,* J.

*Carlo Obligato,* Committee for Public Counsel Services, for the defendant.

*David Grossbaum,* Assistant District Attorney, for the Commonwealth.

KASS, J. To prove one of the crimes charged, unarmed robbery of a person over the age of sixty-five (G. L. c. 265, § 19[a]), the Commonwealth was bound to furnish evidence of the victim's age. The defendant claims that no evidence of the victim's age was introduced and that he was entitled to a required finding of not guilty (he made timely motions to that effect) on so much of the unarmed robbery indictment as charged that the victim was over the age of sixty-five. A jury returned a verdict of guilty.[1]

Although the victim testified at the trial, the prosecution neglected to ask her age. See *Commonwealth* v. *Phillips,* 162 Mass. 504, 505 (1895). No driver's license or other document probative of age was offered. Among the cards still in the victim's pocketbook, when it was recovered, was a senior citizen's discount card issued by Bradlees department store, but there was no evidence as to when a person qualified for such a card. Matthew Corbett, a thirteen year old neighbor of the victim, witnessed the robbery (a purse snatch) and heard the robber shout, "Shut up, old lady or I'll blow your head off." So far as the robber was concerned, his victim had seen some years, but such perceptions often depend on the eye of the beholder, as many a bemused citizen of fifty can attest. For statutory purposes, "old lady" is insufficiently precise. In the circumstances, the Commonwealth was obliged to rely on what the jury could deduce about the victim's age by seeing her on the stand.

When age is a factor in an offense, as in statutory rape or selling liquor to minors, it is not a defense that appearances were deceiving, i.e., that the rape victim appeared to be older than fifteen or that the buyer of beer looked over twenty. *Commonwealth* v. *Moore,* 359 Mass. 509, 514-515 (1971) (statutory rape); *Commonwealth* v. *Dunne,* 394 Mass. 10, 18-19 (1985) (assault of a child with intent to rape); *Burlington Package Liquors, Inc.* v. *Alcoholic Beverages Control Commn.,* 7 Mass. App. Ct. 186, 190 (1979) (sale of liquor to

---

[1] The defendant was also convicted of assault and battery (G. L. c. 265, § 13A) and use of a motor vehicle without authority (G. L. c. 90, § 24[2][a]).

minor). Compare *Michnik-Zilberman* v. *Gordon's Liquor, Inc.*, 390 Mass. 6, 11-12 (1983), considering liability arising out of the sale of liquor to a minor in a negligence context. If a defendant may not be governed by appearances because appearances are unreliable, parity of reasoning suggests that the appearance of a victim, without more, is an unreliable guide for a jury which must make a finding about the victim's age. When age is an element of the offense charged, the Commonwealth is bound to prove that fact. *Commonwealth* v. *Miller*, 385 Mass. 521, 522 (1982). *Commonwealth* v. *Dunne*, 394 Mass. at 18. To be sure, if youth is a factor, as in statutory rape or sale of alcohol, and the sexual partner or buyer of liquor is grossly under age — twelve years old, for example — appearance is a reliable guide. Similarly, one may imagine circumstances when a victim is so very rich in years that, on the strength of a view, being sixty-five or over is not in doubt. See 2 Wigmore, Evidence § 222 (3d ed. 1940). The record here contains no basis for placing the victim in the category of obviously over sixty-five.

Physical appearance may be considered as *an* element in judging age. *Commonwealth* v. *Emmons*, 98 Mass. 6, 8 (1867). *Commonwealth* v. *Phillips*, 162 Mass. at 505. *Commonwealth* v. *Hollis*, 170 Mass. 433, 435 (1898). *Commonwealth* v. *Nelson*, 17 Mass. App. Ct. 947 (1983). 2 Wigmore, Evidence § 222, and cases there cited. Only the *Emmons* case appears to rely on physical appearance as the sole evidence upon which a jury might, in a criminal case, establish whether someone was under age. What was involved in *Emmons* was whether Henry P. McDonald, who had been admitted to the defendant's billiard room, was under twenty-one. The trial of Emmons took a strange twist when the judge, on the defendant's objection, forbade McDonald to testify how old he was. After the defense had, thus, deprived the prosecution of perfectly competent evidence about McDonald's age, it lay ill in the mouth of the defense to complain that the jury were permitted to gauge how old McDonald was by the way he looked. Cf. *Commonwealth* v. *Haraldstad*, 16 Mass. App. Ct. 565, 568 (1983). In view of the peculiar circumstances of the *Emmons* case, we do not

think it sound authority for a rule that a finder of fact in a criminal case may rely solely on physical appearance to determine age, except in cases where marked extremes of old age and youth are involved.

When proof of age is necessary to establish the offense and the record does not reflect that the age of the person whose age must be proved falls into a marked extreme, we are of opinion that there must be some evidence in addition to physical appearance. *People* v. *Grizzle,* 381 Ill. 278, 289 (1942). *Commonwealth* v. *Hines,* 282 Ky. 791, 792-793 (1940). *State* v. *Lauritsen,* 199 Neb. 816, 819 (1978). See *Slocum* v. *People,* 120 Colo. 86, 96-97 (1949). Except at the poles, judging age on physical appearance is a guess and a guess is not a basis for sending someone to jail. See Model Penal Code § 213.6 & comment 2 (Official Draft 1980). The rule here laid down is scarcely onerous. If the person whose age is crucial is available in court to be seen, that person may, except in the instance of someone unable to testify, be asked her or his age.

By reason of a jury's finding, the defendant is, in all events, guilty of the lesser included offense of unarmed robbery of a person *under* the age of sixty-five. G. L. c. 265, § 19(*b*). The consequence of the age factor is that a defendant, if convicted of a second or subsequent offense of unarmed robbery shall be punished by at least two years' imprisonment. G. L. c. 265, § 19(*a*). The range of non-mandatory sentence is the same under both subsections (*a*) and (*b*) of § 19. We intimate no view about the sentence imposed. Certainly the judge, in sentencing under subsection (*b*), can consider the appearance and infirmities, if any, of the victim.[2]

We treat summarily the other points on appeal. The judge's charge on alibi covered all the elements in the instruction suggested by *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 n.1 (1975). There was, in context, no burden shifting and no error. The prosecutor's cross-examination of an alibi witness about the defendant's drinking habits was relevant to testing the

---

[2] The victim of the robbery, when assaulted, was escorting her handicapped and, apparently, elderly husband, an aggravating circumstance which the judge may consider in sentencing.

ability of the alibi witness to remember on which day the defendant was at her house. There was no error in the implied ruling of the judge, when he overruled an objection, that the probative value of the line of cross-examination outweighed its potential prejudice.

The sentence imposed under G. L. c. 265, § 19(*a*), is vacated. The case is remanded to the Superior Court so that the judge may resentence the defendant on the basis of a conviction under G. L. c. 265, § 19(*b*). The judgments imposed under G. L. c. 265, § 13A, and G. L. c. 90, § 24(2)(*a*), are affirmed.

*So ordered.*