933 P.2d 116

STATE of Idaho, Plaintiff–Respondent,

v.

Thomas Earl WILLARD, Defendant–
Appellant.

No. 23114.

Court of Appeals of Idaho.

Feb. 26, 1997.

Alan E. Trimming, Ada County Public De-
fender, Boise; Amil N. Myshin Jr., Deputy
Public Defender, for defendant–appellant.

Alan G. Lance, Attorney General; L. La-Mont Anderson, Deputy Attorney General, Boise, for plaintiff–respondent.

LANSING, Judge.

This appeal presents an issue of first impression in Idaho—whether a defendant may be convicted of a crime for which the perpetrator's age is an element of the offense if the prosecution presented no direct evidence of the defendant's age.

## FACTS AND PROCEDURAL BACKGROUND

Thomas Earl Willard was convicted of sexual abuse of a child by soliciting a minor under the age of sixteen years to participate in sexual acts, I.C. § 18–1506(1)(a). The victim, L.C., was a boy of fourteen years of age at the time of the offense. He testified that while sitting inside a bathroom stall at a shopping mall he heard a man speak to him. L.C. looked up and saw the man peering over the top of the stall. The man asked L.C. to perform sexual acts. L.C. refused and immediately left the restroom. L.C. reported the occurrence to the owner of a shop in the mall, who contacted security personnel. A security officer found Willard in the restroom and escorted him to the mall security office. Police were then summoned, and they placed Willard under arrest. At trial, L.C. identified Willard as the man who had looked over the restroom stall and asked him to participate in sexual acts. Willard denied the allegations to the police, but he did not testify at trial. The prosecutor presented no direct evidence of Willard's age by testimony or documentary evidence. L.C. mentioned in his testimony, however, that the perpetrator was a man with gray hair and a moustache.

At the conclusion of the State's case, Willard made a "motion to dismiss" which was, in substance, a motion for a judgment of acquittal under I.C.R. 29(a). This motion challenged the sufficiency of the State's evidence to prove the charged offense. Responding to this motion, the district court stated that Willard "is a male adult that appears to be in his forties and therefore the jury can determine that he is over the age of eighteen without direct testimony in that re-gard." Willard's motion to dismiss was denied. The jury thereafter returned a guilty verdict.

As grounds for his appeal, Willard urges that there was insufficient evidence to sustain the jury's verdict because the State did not present evidence of Willard's age or the age of the victim. He also contends that his sentence is unduly harsh.

## ANALYSIS

We first consider Willard's assertion that the State did not prove those elements of the offense relating to the victim's age and the defendant's age. An appellate court will not set aside a judgment of conviction entered upon a jury verdict if there is substantial evidence to support the verdict. *State v. Munoz,* 118 Idaho 742, 744, 800 P.2d 138, 140 (Ct.App.1990); *State v. Fenley,* 103 Idaho 199, 204, 646 P.2d 441, 446 (Ct.App. 1982). The same standard applies to review of a trial court's decision to grant or deny a defendant's motion for a judgment of acquittal. *Munoz, supra; State v. Mata,* 107 Idaho 863, 866, 693 P.2d 1065, 1068 (Ct.App.1984). When such a motion has been denied and the defendant has been found guilty by the jury, all reasonable inferences on appeal are taken in favor of the prosecution. *State v. Printz,* 115 Idaho 566, 567, 768 P.2d 829, 830 (Ct. App.1989); *State v. O'Campo,* 103 Idaho 62, 67, 644 P.2d 985, 990 (Ct.App.1982). In reviewing a denial of a motion for a judgment of acquittal, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. *State v. Babb,* 125 Idaho 934, 943, 877 P.2d 905, 914 (1994); *Printz, supra.* The State's burden of proving the elements of a criminal offense may be met through circumstantial evidence. *State v. Paradis,* 106 Idaho 117, 121, 676 P.2d 31, 35 (1983); *State v. Simmons,* 120 Idaho 672, 679, 818 P.2d 787, 794 (Ct.App. 1991).

The crime with which Willard was charged is defined in I.C. § 18–1506(1)(a) as follows:

(1) It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:

> (a) solicit a minor child under the age of sixteen (16) years to participate in a sexual act, . . . . [1]

Thus, both the age of the perpetrator and the age of the victim are elements of this offense.

Willard's assertion that the State presented no evidence of the victim's age is contradicted by the record. The second question directed to L.C. by the prosecutor was, "How old are you?" L.C. responded, "Fourteen." Thus, there was direct evidence that the victim was "a minor child under the age of sixteen years."

■ Willard's contention that the evidence was insufficient to establish that he was eighteen years of age or older at the time of the offense is more problematical, for no direct evidence of his age was presented. The State argues, however, that Willard's physical appearance, which could be observed by the jury in the courtroom and from which the jury could ascertain his approximate age, together with L.C.'s testimony that the perpetrator had gray hair, constitute sufficient evidence of Willard's age to uphold the verdict.

It appears to be the general rule that jurors are entitled to make observations and draw inferences as to the age of an accused or of a witness from that individual's physical appearance. *See Weaver v. State,* 568 So.2d 309 (Ala.Cr.App.1989); *Torres v. State,* 521 P.2d 386, 388 (Alaska 1974); *State v. Thompson,* 365 N.W.2d 40 (Iowa App.1985); *State v. Zihlavsky,* 505 So.2d 761 (La.App. 2d Cir. 1987); *State v. Rowe,* 238 A.2d 217 (Me. 1968); *State v. Lauritsen,* 199 Neb. 816, 261 N.W.2d 755 (1978); *State in Interest of A.N.,* 267 N.J.Super. 158, 630 A.2d 1183 (N.J.Super.Ct. Ch. Div.1993); *Rich v. State,* 266 P.2d 476 (Okla.Cr.App.1954). Some jurisdictions hold, however, that some additional evidence of age is required, beyond the jury's observa-

tion of the individual, at least in those cases where the record does not show that the individual's physical appearance indicates an age markedly above that required to be proven. *See Commonwealth v. Pittman,* 25 Mass.App.Ct. 25, 514 N.E.2d 857 (1987); *Lauritsen, supra; State v. Richey,* 171 W.Va. 342, 298 S.E.2d 879, 888 (1982).

In the present case, the district judge's comments in ruling upon Willard's motion for a judgment of acquittal indicate that Willard appeared to be well above eighteen years old. From this we can conclude that Willard's outward appearance constituted some evidence that his age exceeded eighteen years. In addition, L.C.'s testimony that the perpetrator had gray hair, together with his identification of Willard as the perpetrator, constitute circumstantial evidence that Willard was not a minor. We hold that this evidence was sufficient to allow rational jurors to conclude, beyond a reasonable doubt, that Willard was not less than eighteen years of age.

Willard also contends that the sentence imposed by the district court is excessive. The court sentenced Willard to a unified five and one-half year term of incarceration with a two-year minimum term. The court retained jurisdiction, however, to allow a period for evaluation of Willard's suitability for probation pursuant to I.C. § 19–2601(4). The record on appeal discloses that, at the conclusion of the jurisdictional review period, the court placed Willard on probation.

■ Our standards for appellate review of a sentence are well settled. When the sentence imposed is within the maximum permitted for the offense, we review the sentence for an abuse of discretion. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to

---

1. The term "solicit" is defined by the statute to mean "any written, verbal, or physical act which is intended to communicate to such minor child the desire of the actor or third-party to partici-

pate in a sexual act or participate in sexual foreplay, by the means of sexual contact, photographing or observing such minor child engaged in sexual contact."

achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

 Although Willard had no prior criminal record, at sentencing the court heard evidence that this was not the first incident of Willard's inappropriate conduct with children. This Court, having thoroughly reviewed the record, finds no abuse of discretion in the district court's sentencing decision. The judgment of conviction and sentence are therefore affirmed.

WALTERS, C.J., and PERRY, J., concur.