990 P.2d 1229

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ernesto N. ESPINOZA, Defendant–Appellant.**

No. 24891.

Court of Appeals of Idaho.

Dec. 14, 1999.

---

John M. Adams, Chief Kootenai County Public Defender; Gary I. Amendola, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Alan G. Lance, Attorney General; Rebekah A. Cude, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Ernesto Navarrette Espinoza appeals his conviction for sexual abuse of a child under the age of sixteen years under Idaho Code § 18–1506. Espinoza contends that the State did not meet its burden of proof at trial because it presented no direct evidence that Espinoza was over the age of eighteen, which is an element of the offense. Espinoza also contends that the sentence imposed was an abuse of discretion. We affirm both the judgment of conviction and the sentence.

## FACTS AND PROCEDURAL HISTORY

According to trial testimony, Espinoza drove three girls and two boys, all of whom were under the age of eighteen, to a motel to have a party. The victim, who was thirteen years old, was one of the girls. Espinoza rented the motel room and purchased alcohol for the group. Later in the evening, Espinoza grabbed the victim by the arm and pulled her into the bathroom. While holding the door shut, Espinoza undressed himself and the victim and then had intercourse with her.

Approximately one week later, after hearing of the victim's accusations of rape, Espinoza left Idaho.

Espinoza was eventually apprehended and charged with lewd conduct with a minor child under sixteen, in violation of I.C. § 18–1508. At the conclusion of a three-day trial, the jury found him guilty of the lesser-included offense of sexual abuse of a child under the age of sixteen years, I.C. § 18–1506.[1] Espinoza was sentenced to a unified term of ten years' imprisonment with a five-year determinate term.

## ANALYSIS

### A. Sufficiency of the Evidence That Espinoza Was Over Eighteen Years in Age

The offense which Espinoza was found to have committed is defined in I.C. § 18–1506(1)(b) as follows:

(1) It is a felony for *any person eighteen (18) years of age or older,* with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:

(b) cause or have sexual contact with such minor child, not amounting to lewd conduct as defined in section 18–1508, Idaho Code....

(Emphasis added.) Espinoza contends that the evidence does not support the jury's guilty verdict because no direct evidence was presented at trial to show that he was eighteen years of age or older at the time of the offense. The State acknowledges that it had the burden to prove the age element but argues that it met this burden through circumstantial evidence.

▮ This Court has noted that "[j]ury verdicts occupy an exalted place in our crimi-

---

1. There appears to be an error in the judgment issued by the district court. The judgment recites that Espinoza waived his constitutional rights and pleaded guilty to violation of I.C. § 18–1508. This is incorrect, for Espinoza did not plead guilty, nor was he found to have violated § 18–1508. However, the record is also clear that the district court at the sentencing hearing was well aware that Espinoza had been found guilty of the lesser-included offense under I.C. § 18–1506. Following issuance of our remittitur, Espinoza may move the district court for correction of these inaccuracies in the judgment.

nal justice system." *State v. Clay,* 112 Idaho 261, 263, 731 P.2d 804, 806 (Ct.App.1987). When a jury has made a finding of guilt, its verdict will not set aside if there is substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Bush,* 131 Idaho 22, 32–33, 951 P.2d 1249, 1259–60 (1997); *State v. Boag,* 118 Idaho 944, 947, 801 P.2d 1295, 1298 (Ct.App. 1990). On appellate review of a guilty verdict, we view the evidence in the light most favorable to the prosecution. *Id.; State v. Fenley,* 103 Idaho 199, 646 P.2d 441 (Ct.App. 1982).

■ In *State v. Willard,* 129 Idaho 827, 933 P.2d 116 (Ct.App.1997), we held that the prosecution may rely upon circumstantial evidence to prove the age element of a crime. In that case, the defendant had been charged under I.C. § 18–1506(1)(a) for soliciting a minor to participate in sexual acts. As in the case at bar, the State failed to present any direct evidence of the defendant's age at trial. The victim testified, however, that the perpetrator had gray hair, and the victim identified the defendant as the perpetrator. At the end of the State's case, the defendant moved for a judgment of acquittal on the ground that the State had not proved his age. Our record on appeal included the district court's ruling on this motion, in which the district court stated that the defendant "appears to be in his forties and therefore the jury can determine that he is over the age of eighteen without direct testimony in that regard." *Id.* at 828, 933 P.2d at 117. On that record, we held that the defendant's outward appearance, as observed by the jury and described by the trial judge, along with the victim's testimony about the perpetrator's gray hair and the victim's identification of the defendant as the perpetrator, constituted evidence sufficient to allow rational jurors to conclude that the defendant was over eighteen years old at the time of the offense.

■ As we observed in *Willard,* a number of jurisdictions hold that the defendant's physical appearance alone, if brought to the fact-finder's attention, will be enough to allow the jury to make observations and draw inferences as to the defendant's age. *Weaver v. State,* 568 So.2d 309 (Ala.Crim.App.1989); *State v. Thompson,* 365 N.W.2d 40 (Iowa Ct.App.1985); *State v. Zihlavsky,* 505 So.2d 761 (La.App. 2d Cir.1987); *Rich v. State,* 266 P.2d 476 (Okla.Crim.App.1954). The rationale for this rule is that "[e]xperience teaches us that corporal appearances are approximately an index of the age of their bearer, particularly for the marked extremes of old age and youth." 2 WIGMORE, EVIDENCE § 222 (Chadbourne rev.1979). However, in order for a verdict to be sustained on appeal, additional evidence, beyond the jury's observation, may be required when nothing in the record indicates that the individual's physical appearance shows an age markedly above that required to be proven. *Willard,* 129 Idaho at 829, 933 P.2d at 118. *See also Torres v. State,* 521 P.2d 386, 388 (Alaska 1974); *People v. D'Angelo,* 30 Ill.App.3d 86, 333 N.E.2d 525, 528–29 (1975); *Commonwealth v. Pittman,* 25 Mass.App.Ct. 25, 514 N.E.2d 857, 859 (1987); *State v. Lauritsen,* 199 Neb. 816, 261 N.W.2d 755 (1978); *Brooks v. State,* 435 S.W.2d 523, 524 (Tex.Crim.App. 1968); *State v. Richey,* 171 W.Va. 342, 298 S.E.2d 879, 888 (1982). Absent such additional evidence of age, there would be nothing upon which a reviewing court could determine that the jury's finding as to the defendant's age had support in the evidence. *See Barnett v. State,* 488 So.2d 24, 25 n. 1 (Ala.Crim.App.1986).

■ We conclude that a proper analysis of whether there was sufficient circumstantial evidence of the defendant's age entails a two-step process. First, the reviewing court must determine whether the record reveals that defendant's physical appearance was such that a rational juror could find that the age element was satisfied solely from the juror's observation of the defendant. If not, the court must then determine whether there was other circumstantial evidence adequate to support the jury's finding that the defendant was of the requisite age. As one court noted, this approach strikes the proper bal-

ance because it "is neither too lenient toward the prosecution nor too harsh an obstacle so as to unduly interfere with the interests of justice." *State in Interest of A.N.*, 267 N.J.Super. 158, 630 A.2d 1183, 1186 (Ct.Ch. Div.1993).

■ Unlike the circumstance in *Willard*, in the present case the record contains no description of the defendant's outward appearance and no indication that his appearance placed him well over the age of eighteen at the time of the offense.[2] We are therefore unable to conclude that the defendant's physical appearance, standing alone, was sufficient evidence of his age to sustain the verdict. However, there was other circumstantial evidence that Espinoza was more than eighteen years old. There was testimony from Espinoza himself, as well as several other witnesses, that he purchased beer for the youths on the evening in question. The victim testified that Espinoza was the one who made the purchase because "he was the only one old enough to buy beer." This testimony is significant to the issue of Espinoza's age because under Idaho law one must be at least twenty-one years old to legally purchase alcohol. I.C. § 23–949.

■ When considering trial evidence and reaching a verdict, jurors are permitted to take into account matters of common knowledge and experience. *Oana v. Haskell*, 7 Ariz.App. 493, 441 P.2d 259 (1968); *Palmer v. Myklebust*, 244 Ark. 5, 424 S.W.2d 169 (1968); *Noland v. Sears, Roebuck and Co.*, 207 Kan. 72, 483 P.2d 1029 (1971); *Brittain v. Booth*, 601 P.2d 532 (Wyo.1979). This includes common knowledge of the legal age for the purchase and consumption of alcohol. *State v. Thompson*, 365 N.W.2d 40, 43 (Iowa Ct.App.1985) (defendant's purchasing beer and cigarettes, and being served a drink, were factors in determining defendant to be over eighteen); *Lauritsen*, 261 N.W.2d at

757 (defendant's purchase of alcohol and frequenting tavern supports age inference); *State v. Fries*, 246 Wis. 521, 17 N.W.2d 578, 579 (1945) (statutory prohibition of selling liquor to minors and issuing liquor license only to adults enough to sustain inferences). It is common knowledge in this State that alcohol may not be legally purchased by persons who are under the age of twenty-one. Therefore, the jury in Espinoza's case could reasonably infer from the evidence of his beer purchase that he was over eighteen years old on the night of the offense. The jury also heard testimony that Espinoza was married and owned a home, facts which are further indicia of adulthood.

The foregoing testimony, in conjunction with the jury's opportunity to observe Espinoza's physical appearance, was sufficient evidence upon which the jury could reasonably find that the age element of the offense of sexual abuse of a child had been proven.[3]

## B. Abuse of Discretion in Sentencing

Espinoza was sentenced to a unified ten-year term of incarceration with five years determinate. He contends that this sentence is excessive.

■ We review a sentence for an abuse of the trial court's discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982); *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). A sentence is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all· of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). In conducting our review of a sentence, we give consideration to the nature

---

2. Espinoza did not challenge the sufficiency of the evidence in the trial court through a motion for a judgment of acquittal, and the district court therefore had no occasion to comment upon Espinoza's appearance as evidence of his age.

3. The presentence investigation report, prepared for the district court's use in sentencing, discloses that Espinoza was twenty-three years old at the time of the offense.

of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

██ The record indicates that Espinoza had a history of criminal conduct. He had previously been convicted of a firearm violation and a felony narcotic violation, and he had been deported several times. In the present case, he purchased alcohol and rented a motel room for a group of teenagers where intoxication and sexual conduct, including the sexual abuse of a thirteen-year-old girl, took place. In light of these facts, this Court finds no validity in Espinoza's contention that his sentence is excessive.

## CONCLUSION

We conclude that there was sufficient evidence to support the jury's finding that Espinoza was at least eighteen years old at the time of the offense. We also conclude that the district court did not abuse its discretion in sentencing Espinoza. Therefore, the judgment of conviction and sentence are affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN, *concur.*