A jury convicted the defendant, Amanda R. Stevens, of operating a motor vehicle under the influence of alcohol (OUI), G. L. c. 90, § 24(1)(a )(1), and child endangerment while operating under the influence, G. L. c. 90, § 24V(a ).[2] She filed a notice of appeal from the convictions. She also subsequently moved for a new trial, asserting that an affidavit from a psychologist, obtained postconviction, constitutes newly discovered evidence because it shows that her mental health disorders, not alcohol, caused some of her behavior, and that her trial counsel was ineffective for failing to introduce evidence of these disorders. The trial judge denied the motion without a hearing, and the defendant filed a notice of appeal from that order. Addressing both her direct appeal and her appeal from the denial of her new trial motion, we affirm.
Discussion. 1. Sufficiency of the evidence. The defendant contends that the Commonwealth presented insufficient evidence of her passenger's age to support a conviction of child endangerment. We disagree.
When reviewing a sufficiency challenge, we view the evidence in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). In this case, the Commonwealth was required to establish the following: (1) the defendant operated a motor vehicle while under the influence; (2) with a child fourteen years of age or younger in the vehicle. G. L. c. 90, § 24V(a ).
After observing various indicia of intoxication, Sergeant Patrick Silva of the Reading police department arrested the defendant for OUI. In the course of the arrest, Silva also observed and spoke to the young female passenger in the defendant's vehicle. Silva observed that the passenger was between four feet and four and one-half feet tall and estimated the passenger's age to be no more than ten years old. The Commonwealth introduced no other evidence of the passenger's age in its case-in-chief.
The defendant asserts the officer's estimate of the passenger's age cannot support a finding that she was fourteen years of age or younger. We are not persuaded.
Appearance alone is insufficient to prove age, "except[, as is the case here,] where marked extremes of old age and youth are involved." Commonwealth v. Pittman, 25 Mass. App. Ct. 25, 27-28 (1987). In the passenger's youthful age group, a four year difference in age is dramatic. See Commonwealth v. O'Connell, 432 Mass. 657, 662-663 (2000) (difference between estimated age of under eleven and one-half years and statutory threshold of eighteen years sufficiently extreme to impute knowledge of age in child pornography case). Accordingly, Silva's estimate that the child was between the ages of nine and ten was sufficient to satisfy the statutory requirement that the child be fourteen years of age or younger. See id.
2. Newly discovered evidence. The defendant next asserts that the opinion of a psychologist that the defendant's poor performance of the field sobriety tests and belligerent behavior during booking were due to mental illness and not alcohol consumption is newly discovered evidence warranting a new trial. We are not convinced.
To qualify as "newly discovered," evidence must "have been unknown to the defendant or his counsel and not reasonably discoverable by them at the time of trial." Commonwealth v. Grace, 397 Mass. 303, 306 (1986). Here, trial counsel was apprised of defendant's mental health history and had even obtained a copy of her medical records. At trial, counsel in fact presented evidence that the defendant suffered from "anxiety attacks," and he argued that she had suffered such an attack during the traffic stop. As counsel explained in his affidavit in support of the motion for a new trial, he made a strategic decision to forgo investigating and presenting a more complete picture of the defendant's mental health history. Where the defendant's mental history was known and reasonably discoverable to counsel prior to trial, it does not constitute newly discovered evidence. See ibid.
3. Ineffective assistance of counsel. The defendant alternatively faults counsel for failing to investigate and present a more detailed picture of her mental incapacity. We see no merit to her claim.
"Counsel [i]s ineffective if his conduct f[alls] 'measurably below that which might be expected from an ordinary fallible lawyer' and 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Brown, 479 Mass. 163, 170 (2018), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "In regard to the latter requirement, there ought to be some showing that better work might have accomplished something material for the defense." Brown, supra, quoting from Commonwealth v. Bell, 460 Mass. 294, 303 (2011).
While the depth of the defendant's mental health history, if believed, may have shed some light on certain aspects of the defendant's performance on the field sobriety tests and her belligerent behavior during booking, it would not have explained away the other strong indicia of intoxication. Here, the officer witnessed the defendant driving erratically, smelling of an alcoholic beverage, appearing glassy-eyed, and slurring her speech. She also stumbled as she exited her vehicle, was unable to maintain balance and coordination during the field sobriety tests, and admitted to drinking before driving. Given this overwhelming evidence of intoxication, we cannot say that counsel's strategic decision, even if it was "manifestly unreasonable when made," Commonwealth v. Epps, 474 Mass. 743, 757 (2016), quoting from Commonwealth v. LaBrie, 473 Mass. 754, 771 (2016), which we do not say that it was, prejudiced the defendant. See Commonwealth v. LaChance, 469 Mass. 854, 860 (2014), cert. denied, 136 S. Ct. 317 (2015) ("[C]laims of ineffective assistance of counsel merit a new trial only where the error may have affected the verdict"). Accordingly, the judge did not err in denying the motion on this ground.
4. Denial of motion for a new trial without a hearing. Last, we are also not persuaded by the defendant's further contention that the judge erred in denying the new trial motion without a hearing. A hearing is required only when the defendant's motion and affidavits raise a " 'substantial issue' that would require an evidentiary hearing." Commonwealth v. DeVincent, 421 Mass. 64, 67 (1995), quoting from Commonwealth v. Licata, 412 Mass. 654, 660 (1992). For the reasons discussed above, in our view the defendant has failed to meet that burden as her motion does not raise credible claims. See DeVincent, supra at 67-68; Commonwealth v. Goodreau, 442 Mass. 341, 348-349 (2004). Accordingly, we "defer to the sound discretion of the trial judge on whether [the defendant's] motion for a new trial requires an evidentiary hearing or whether it can be decided on the basis of the facts alleged in the affidavits," DeVincent, supra at 67, and conclude that the judge did not abuse his discretion in denying the motion without a hearing.
Judgments affirmed.
Order denying motion for new trial affirmed.

The judge, sitting without a jury, found the defendant not responsible for a civil marked lanes violation.