**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45560**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 21, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NORA COLLEEN WASHBURN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Judgment of conviction and order of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Nora Colleen Washburn appeals from the district court's order denying her motion for judgment of acquittal and from the district court's order of restitution. In addition, Washburn claims that the prosecutor committed misconduct thereby violating her right to due process and a fair trial. Washburn argues that: (1) the State's evidence was insufficient for the jury to find beyond a reasonable doubt that she committed the offense in Idaho; (2) the district court's order of restitution to the insurance carrier and the Idaho Department of Insurance was an abuse of discretion; and (3) the prosecutor committed misconduct in closing argument by misrepresenting the State's burden of proof on the jurisdictional element. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Washburn was charged with insurance fraud, in violation of Idaho Code § 41-293(1)(c), for filing an insurance claim with an incorrect date of loss. The evidence at trial showed that the claim arose from an accident that occurred on January 2, 2016, in which Washburn rear-ended another driver. At the time of the accident, Washburn provided her insurance information to the other driver. However, Washburn's previous policy with an insurance carrier (Carrier) had lapsed on November 7, 2015; therefore, at the time of the accident, Washburn did not have coverage. On January 4, 2016, Carrier received a phone call from the other driver to report the accident. On January 29, 2016, Washburn reinstated her policy with Carrier. On February 5, 2016, Washburn called Carrier and reported the accident as occurring on February 1, 2016. On February 12, 2016, a special investigator with Carrier called Washburn, and Washburn again reported the accident as occurring on February 1, 2016. Ultimately, Carrier denied Washburn's claim when it discovered that she reported an incorrect date of loss and did not have coverage on the date of the accident.

At trial, the only contested issue was Washburn's location during the February 5 and February 12 phone calls. As an element of the offense, the State had to prove beyond a reasonable doubt that Washburn was in Idaho when she made the calls to or received the calls from Carrier. Washburn did not present evidence and conceded during opening and closing argument that the State proved all elements of the offense except the jurisdictional element. The jury found Washburn guilty. Thereafter, Washburn moved for a judgment of acquittal arguing that the State failed to present evidence that Washburn was in Idaho during the phone calls with Carrier. The district court denied her motion. Subsequently, the State moved for restitution to reimburse the Idaho Department of Insurance and Carrier for costs and expenses incurred as a result of Washburn's insurance fraud. The district court sentenced Washburn to four years with one and one-half years determinate and retained jurisdiction. The district court entered a judgment of conviction and a restitution order as requested by the State. Washburn timely appeals.

2

## II.

## ANALYSIS

**A.      Judgment of Acquittal**

Washburn argues that the district court erred when it denied her motion for judgment of acquittal because the State's evidence was insufficient to support the jury's guilty verdict. The State argues that the district court was correct in denying the motion for judgment of acquittal because there was substantial evidence to establish the jurisdictional element.

Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Additionally, "[t]he State's burden of proving the elements of a criminal offense may be met through circumstantial evidence." *State v. Willard*, 129 Idaho 827, 828, 933 P.2d 116, 117 (Ct. App. 1997). In denying Washburn's motion for judgment of acquittal, the district court found that the State presented sufficient evidence to the jury to establish all of the elements of insurance fraud. We agree.

At trial, the jury was instructed that in order to find Washburn guilty of insurance fraud, the State was required to prove, beyond a reasonable doubt that:

3

1.  On or between February 5, 2016 and February 12, 2016;
2.  in the state of Idaho;
3.  the defendant, Nora Washburn;
4.  did with the intent to defraud or deceive;
5.  present or cause to be presented to an insurer, a false or altered statement material to an insurance transaction.

In addition, the jury was instructed that "any offense committed by use of a telephone . . . may be deemed to have been committed at the place from which the telephone call . . . was made . . . or the offense may be deemed to have been committed at the place at which the telephone call . . . was received." *See* I.C. § 41-293(3).

Washburn argues that the State did not present substantial evidence that Washburn was physically located in Idaho during the February 5 or February 12 phone calls with Carrier. However, the State presented substantial evidence upon which the jury could find Washburn guilty of insurance fraud beyond a reasonable doubt. Washburn's own statements during the phone calls with Carrier, which were audio recorded and provided to the jury, were evidence that she was located in Idaho. During the February 5 call, a Carrier employee asked Washburn: "What state are you located in?" Washburn responded, "Idaho." The Carrier investigator also testified to that fact.

In addition, ample circumstantial evidence was presented for the jury to consider in deciding whether or not the calls were placed or received in Idaho. First, the Carrier investigator testified at trial that Washburn's address when she signed up for the policy was an Idaho address, the insurance policy was an Idaho policy, and the first and second claim denial letters were sent to Washburn at her Idaho address. Second, we agree with the district court's findings that the following circumstantial evidence supports the jury's determination:

> The jury was provided evidence that the defendant, at the time of the accident, was driving in Idaho. . . . The defendant was a customer of a local Idaho insurance agency prior to January 2nd, 2016, and after January 29th, 2016. Among the exhibits submitted in trial were the claim denial letters which were sent to the defendant's Idaho address. The witnesses also testified that it was the insurance company's policy to ask where the person was calling from which was consistent with the recording that was admitted. At least one of the statements on the recording or one of the recordings was that the defendant indicated she had to go to work to e-mail documents to the insurance company.
>     The jury could certainly reasonably infer from that that she was at home in Idaho when that statement was made on the telephone.

4

Moreover, the defense admitted an exhibit that listed a work number, an Idaho home address, and an Idaho telephone number. Although the work number that was listed had a 509 area code (commonly known to be an eastern Washington area code), the jury weighed the evidence and was able to conclude that the communication was made or received within the state of Idaho based on the direct statement of the defendant, as well as the circumstantial evidence presented. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Washburn was located in Idaho during the calls with Carrier. Therefore, the district court did not err in denying Washburn's motion for judgment of acquittal.

**B.     Restitution**

Washburn argues that the district court abused its discretion by ordering her to pay restitution because the State did not present sufficient evidence to support its restitution request. Specifically, Washburn argues that the restitution statutes for insurance fraud do not permit restitution for prosecution costs or costs to the insurance company for its processing of a fraudulent claim. The State argues: (1) that this issue was not objected to below, thus it should not be considered on appeal; and nonetheless (2) the district court acted consistently with applicable legal standards and did not abuse its discretion. Generally, this Court will not consider an alleged error on appeal unless a timely objection to the alleged error was made at trial. *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). For an objection to be preserved for appellate review either the specific grounds for the objection must be clearly stated or the basis of the objection must be apparent from the context. *State v. Sheahan*, 139 Idaho 267, 277, 77 P.3d 956, 966 (2003).

Washburn frames her restitution argument as a challenge to the sufficiency of the State's evidence supporting the restitution granted by the district court; however, the basis of Washburn's argument is that the applicable statutes, I.C. §§ 41-293(4), 41-295(6), do not authorize restitution for the types of financial losses claimed. That is a statutory construction claim. Thus, her argument must be preserved to be considered by this Court on appeal. Although trial counsel asked the district court for more time to review the State's proposed restitution request during its sentencing argument, the court implicitly denied that request by ordering restitution. Moreover, trial counsel did not raise an objection when, at the conclusion of the sentencing hearing, the district court awarded restitution and then asked if either party had

5

anything further. Washburn has not claimed, as an issue on appeal, that the district court abused its discretion by failing to grant more time for review or conducting a restitution hearing. Washburn did not preserve below the claims of scope and construction of the applicable statutes now raised on appeal and, thus, we will not consider Washburn's restitution argument on appeal.

## C. Prosecutorial Misconduct

Washburn argues that the district court erred when it overruled her objection to the prosecutor's closing argument because the prosecutor improperly shifted the State's burden of proof on the jurisdiction element of the offense. The State argues that the district court did not err when it overruled Washburn's objection and even if it did, the error was harmless.

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* When there has been a contemporaneous objection we determine factually if there was prosecutorial misconduct, then we determine whether the error was harmless. *Id.*; *State v. Hodges*, 105 Idaho 588, 592, 671 P.2d 1051, 1055 (1983); *State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). Where a defendant meets his or her initial burden of showing that a violation occurred, the State has the burden of demonstrating to the appellate court, beyond a reasonable doubt, that the constitutional violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010). A conviction will not be set aside for small errors or defects that have little, if any, likelihood of having changed the results of the trial. *State v. Pecor*, 132 Idaho 359, 367-68, 972 P.2d 737, 745-46 (Ct. App. 1998).

During closing arguments, defense counsel argued that because Washburn's work phone number was a 509 number and Kootenai County was near the border of Washington, Washburn could have been in the state of Washington during the calls with Carrier. In the course of rebuttal closing, the prosecutor stated:

> [Prosecutor]: So just to follow-up on a couple of points [defense counsel] spoke about yesterday. I'll start off by comments [defense counsel] made about sticking to the law. That's what I want to do right now. Let's stick to the law.
>
> First, the Judge read you the Information. It was one count. So the State only needs to prove in one of the two main instances we're

discussing, either on February 5th or February 12th, that all those elements were met.

Now, I want to read to you jury Instruction No. 3, the third paragraph, because I want to stick to the law. It states precisely, "The State must prove the alleged crime beyond a reasonable doubt." Not any reasonable doubt. Not all reasonable doubt as [defense counsel] stated yesterday. A reasonable doubt.

That paragraph continues to say this: "A reasonable doubt is not a mere possibility or imaginary doubt." Let that sink in for a moment while I read you jury Instruction No. 4 one sentence. "In determining the facts, you may consider only the evidence admitted in this trial."

What evidence suggests it's outside of Idaho? That Ms. Washburn was outside of Idaho? None. Nothing was admitted that suggests she was outside of Idaho.

[Defense]: I'm gonna object, Your Honor. It's not defense's burden to prove anything in this case and I object to the State suggesting that we had the burden to prove anything.

COURT: Overruled.

In regard to the prosecutor's statement, Washburn alleges that, "In other words, the prosecutor told the jury that the State had met its burden to prove Ms. Washburn was in Idaho because the defense did not prove she was not in Idaho." We disagree. The prosecutor's statement did not constitute misconduct. Idaho courts have stated that it is not error to point out the deficiencies in the defense's argument. *See State v. Abdullah*, 158 Idaho 386, 445, 348 P.3d 1, 60 (2015). Here, the State was well within the confines of the law. The prosecutor simply reiterated portions of the jury instructions and applied the evidence, or lack thereof, to those instructions for the jury to consider in deliberations. The prosecutor did not attempt to shift the burden to the defendant but only highlighted to the jury that there was no evidence that Washburn was not in Idaho. Because Washburn fails to show that the prosecutor committed misconduct, we need not consider whether it was harmless. Consequently, Washburn's due process claim fails.

### III.

### CONCLUSION

The district court did not err in denying Washburn's motion for judgment of acquittal. Additionally, Washburn failed to preserve her argument that the district court erred in ordering

restitution.  Finally, Washburn has failed to establish that the prosecutor committed misconduct. Therefore, the district court's judgment of conviction and order of restitution is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.