STATE of Iowa, Appellee,

v.

Harlan Hall WILLET, Jr., Appellant.

No. 64451.

Supreme Court of Iowa.

May 13, 1981.

455

Gregory A. Johnston, Muscatine, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen. and Stephen J. Petersen, County Atty., for appellee.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN and SCHULTZ, JJ.

McGIVERIN, Justice.

Defendant Harlan Hall Willet, Jr., appeals from his conviction for third-degree sexual abuse in violation of section 709.4(1), The Code 1979. We reverse the conviction and remand for a new trial because there was a prejudicial variance between the crime charged and the basis on which defendant was convicted by the court.

The county attorney by information charged defendant with third-degree sexual abuse and specifically alleged that Willet committed "sex acts with a fifteen-year-old boy against his will in violation of section 709.4(1) of the Iowa Criminal Code." Willet pleaded not guilty. After defendant waived his right to a jury, trial was to the court. Iowa R.Crim.P. 16(1).

The main issue at trial was whether the victim consented to the sex acts. Willet admitted committing the acts, but claimed that they were consensual. During the trial and after defendant had testified, defendant's counsel left the courtroom to get a witness. While defendant's counsel was absent and defendant was seated at the counsel table, the trial court asked defendant his age. Willet answered that he was twenty-six. This is the only evidence in the record of Willet's age. The State showed that the victim was fifteen.

At the close of all the evidence, the State moved to amend the information to allege that Willet committed third-degree sexual abuse in violation of section 709.4(5) rather than section 709.4(1). Section 709.4(5) proscribes sex acts where a person "is six or more years older than the other participant, and that other participant is fourteen or fifteen years of age." Whether the sex acts were done against the will of the victim is not an issue under section 709.4(5).

The court denied the motion to amend and found Willet guilty of third-degree sexual abuse. The court found that the victim was fifteen and that defendant was twenty-six and concluded that defendant violated "section 709.4(1) by virtue of section 709.-4(5)." There was no finding whether the victim in fact consented to the acts because the court reasoned that even if the victim actually consented, his consent would be nullified by section 709.4(5). Willet moved for a new trial on the grounds that it was "unfair" to charge a violation of section 709.4(1) and then, in effect, to convict under section 709.4(5). He claims that if he were informed that the State was going to rely on the ages of the participants, he would have presented a defense of mistake of fact or law under section 701.6.

On appeal, Willet contends that the court erred in overruling his motion for a new trial. We conclude that the trial court could not properly use section 709.4(5) to find a violation of section 709.4(1). In addition, Willet could not be properly convicted of violating section 709.4(5) because it was not charged. We therefore reverse and remand for a new trial.

Section 709.4 specifies five different means of committing third-degree sexual abuse. § 709.4(1)–(5). All the subsections require proof of a sex act between persons who are not cohabitating as husband and wife. Where the State establishes the elements of any of the subsections, the defendant is guilty of third-degree sexual abuse. Under subsection one, the State must prove that the act was "done by force or against the will" of the victim. § 709.4(1). Under the other subsections, however, whether force or a lack of consent is present is immaterial. *See State v. Drake*, 219 N.W.2d 492, 494 (Iowa 1974). Subsections two through five are intended to protect persons who are deemed incapable of giving rational consent. *State v. Sullivan*, 298 N.W.2d 267, 271 (Iowa 1980).

In Willet's case, the trial court could not properly find that the sex acts were done against the will of the victim under section 709.4(1) by finding a violation of section 709.4(5). Section 709.4(5) provides for an alternative means of committing third-degree sexual abuse, not an alternative means of proving lack of consent under section 709.4(1). We turn now to consider whether Willet could properly be convicted of violating section 709.4(5).

When a crime may be committed in different ways, and the State specifies one way, the offense must be proved to have been committed in the way charged. *State v. Allen*, 293 N.W.2d 16, 22 (Iowa 1980); *State v. Hochmuth*, 256 Iowa 442, 127 N.W.2d 658 (1964); *State v. Schuling*, 216 Iowa 1425, 250 N.W. 588 (1933). Where there is a variance between the crime charged and the proof at trial, we will require a new trial if a substantial right of the defendant is prejudiced. Iowa R.Crim.P. 4(7); *State v. Davison*, 245 N.W.2d 321, 324 (Iowa 1976), *cert. denied*, 430 U.S. 955, 97 S.Ct. 1600, 51 L.Ed.2d 805 (1977). A variance between the information and the proof is prejudicial if the defendant is not fairly notified of the charges against him so that he may prepare to defend. *See Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314, 1318 (1935).

In Willet's case, the State, rather than generally accusing him of third-degree sexual abuse under section 709.4, specifically indicated that it would prove Willet committed sex acts against the will of the victim in violation of section 709.4(1). The State could have proceeded on alternative theories, but did not. *State v. Marti*, 290 N.W.2d 570, 577 (Iowa 1980); *State v. Conner*, 241 N.W.2d 447, 452 (Iowa 1976). Although the State sought to amend the information to charge a violation of section 709.4(5), the court denied the motion and that ruling is not challenged by the State on appeal. *See generally State v. Sharpe*, 304 N.W.2d 220 (Iowa 1981). The denial of the motion to amend made it clear to defendant that the State would have to prove nonconsent.

At all times, Willet was charged with committing sex acts by force or against the will of the victim. He decided to go to trial and defend on the ground that the sex acts were consensual. The proof at trial and his conviction by use of section 709.4(5), based on the ages of the participants, removed the issue of consent. We conclude that the information prejudiced Willet's rights because it misled him about the theory upon which the State finally proceeded and the

basis on which the court convicted him. We therefore reverse. *Cf. State v. Gray*, 122 Ariz. 445, 447, 595 P.2d 990, 992 (1979) (where accused is charged under one subsection of rape statute, conviction under another subsection based on age of victim may be prejudicial unless "accused has received notice of such a possibility in time to defend"); *People v. Collins*, 54 Cal.2d 57, 60, 351 P.2d 326, 328, 4 Cal.Rptr. 158, 160 (1960) (where information charged forcible rape but defendant convicted based on age of victim, variance not shown to be prejudicial).

Although unnecessary to the disposition of the case, we must comment on the manner in which the evidence of defendant's age was introduced at trial. Willet's age appears in the record only once. He told the court his age in response to the court's question after Willet had stepped down from the witness stand and while his counsel was absent. Apparently the trial court was attempting to supplement notes it had taken during Willet's testimony rather than establish the State's case. As it turned out, this was the evidence upon which the trial court found a violation of section 709.4(1) "by virtue of section 709.4(5)."

We have recognized that a trial court may question witnesses. *State v. Cuevas*, 288 N.W.2d 525, 532–33 (Iowa 1980). By examining witnesses, however, "the court becomes vulnerable to a multiplicity of criticisms; bias, prejudice or advocacy are some of those." *Id.* This case is an example of the dangers inherent in trial court examination of witnesses. Here the court, in the absence of counsel, elicited from defendant an essential element of third-degree sexual abuse under section 709.4(5)—defendant's age. While it is unnecessary for us to decide the consequences of this exchange, it illustrates why this court does "not encourage judges to enter the fray with their own interrogation of witnesses." *Id.*

Willet also contends that the court erred in overruling his motion for judgment of acquittal because the State's evidence was insufficient to establish nonconsent. The court made no factual finding whether the sex acts were done by force or against

the will of the victim as required by section 709.4(1), which does not take into account the ages of the participants. Without reciting the evidence, we find it was sufficient on the issue of nonconsent by the victim so that the court properly overruled defendant's motion for judgment of acquittal.

In his reply brief, defendant also contends the case should be dismissed on double jeopardy grounds. We will not consider matters raised for the first time in a reply brief. *Brown v. First National Bank*, 193 N.W.2d 547, 551 (Iowa 1972); *Wolf-swinkel v. Gesink*, 180 N.W.2d 452, 457 (Iowa 1970); *Ames v. Board of Supervisors*, 234 Iowa 617, 623, 12 N.W.2d 567, 570 (1944).

The case is reversed and remanded for new trial.

REVERSED AND REMANDED.