**STATE of Iowa, Plaintiff-Appellee,**

v.

**Ronald Junior CROWLEY, Defendant-Appellant.**

No. 65197.

Court of Appeals of Iowa.

June 30, 1981.

Douglas V. Coonrad, Hudson, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Richard L. Cleland, Asst. Atty. Gen., for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Defendant appeals judgment of conviction and sentence for first degree robbery in violation of section 711.2, The Code 1979. We affirm the judgment of the trial court.

**524**

As grounds for reversal, defendant complains of the admission of certain evidence. Specifically, he claims that it was error for the trial court to admit over his objection: (a) testimony by a police officer that defendant had stated soon after his arrest that he was with his girlfriend, Beverly Perkins, at the time of the robbery; and (b) testimony of Beverly Perkins that this was not true. Defendant's objections to this evidence were that it was hearsay and not within the admissions exception to the hearsay rule, and was improper impeachment. We find no merit in either objection.

I. The claim that the declaration by defendant is not an admission because it is exculpatory assumes that it otherwise is excludable from evidence as hearsay. It is not. Hearsay is "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *State v. Miller*, 204 N.W.2d 834, 840 (Iowa 1973). The statement in the present case clearly was not offered by the state to prove the truth of the fact asserted, *i. e.*, that defendant was with his girlfriend at the time of the robbery. Obviously, the state was trying to show precisely the opposite—that defendant was not telling the truth about being with his girlfriend at the time of the robbery. This evidence was relevant and material on the theory that consciousness of guilt may be inferred from attempted evasion, palpable falsehood, or suppression of the true facts by one suspected of crime. *See State v. Schrier*, 300 N.W.2d 305, 309 (Iowa 1981) (inconsistent statements of where and how defendant in murder prosecution found the victim was

probative circumstantial evidence of guilt); *State v. Tornquist*, 254 Iowa 1135, 1145, 120 N.W.2d 483, 489 (1963) (fact that defendant accused of fatally beating his stepdaughter made false statement regarding a claimed fall of the child on stairs was probative evidence of guilt).

Defendant urges that the rule applied in *Schrier* and *Tornquist* only applies where an accused has told inconsistent stories prior to the time the evidence is offered. We disagree. While inconsistent stories by an accused is one way of showing fabrication, it is not the only way. In the present case, the state sought to do so by the testimony of Beverly Perkins contradicting what defendant had stated about his whereabouts at the time of the crime. There was no error in admitting this evidence over the objection that it was hearsay.

II. In response to defendant's claim that the challenged evidence is improper impeachment, we conclude that it was not impeachment at all. Defendant had not yet testified. The challenged evidence was part of the state's case-in-chief and constituted substantive evidence of guilt. *Schrier*, 300 N.W.2d at 309. We have considered all issues presented and find no ground for reversal.

AFFIRMED.