# IN THE COURT OF APPEALS OF IOWA

No. 14-0071
Filed February 11, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID FRANKLIN GOOD JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

Defendant claims the district court abused its discretion in admitting evidence at trial. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Tyron Rogers, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

David Good Jr. appeals from his conviction and sentence for arson in the first degree, in violation of Iowa Code sections 712.1(1) and 712.2 (2011). Good maintains the district court abused its discretion in admitting into evidence letters written by him. Specifically, he maintains the court abused its discretion because the letters were not relevant, the letters were unduly prejudicial, and the State failed to provide notice it was utilizing a rebuttal witness to contest Good's alibi defense. Good's argument regarding the State's alleged failure to provide notice of an alibi rebuttal witness is not preserved, and we do not consider it. Because we find the letters were relevant and were not unduly prejudicial, the district court did not abuse its discretion in admitting them at trial. We affirm.

**I. Background Facts and Proceedings.**

In December 2012, the home Good's wife was staying in caught fire. Later, Good admitted to Burlington police he had set the fire. He was arrested and charged with arson in the first degree. Good was incarcerated pending trial.

On August 29, 2013, an inmate found handwritten letters in the jail library and turned them over to the jailer. Good later admitted writing the letters in question. He wrote them to fellow inmate Roseanne Krasuski. Good wrote, in part:

> [T]he point that I am trying to make, is that you could help my situation out if you could testify in my behalf and I in turn could help you out! I own a [description of car and license plate number]. If it could be said that we were at Crapo Park (together) from 11:00 PM until 11:55 PM, you know talking about me getting a divorce and us inside the car "making love" it would help us out a lot. I was at Crapo Park down where the (2) big guns point out over the river, between these time zones, by myself. But I do not have an alibi. No one saw me. But if you could step in and say that we were

together from this time to this time and this is what we were doing I could walk away from all of this.

On September 4, 2013, Good filed a notice of affirmative defense stating he had an alibi for the night in question. In the notice, Good claimed he was with his girlfriend, Roseanne Krasuski.

Two days later, the State filed a motion to strike the affirmative defense for not complying with Iowa Rule of Criminal Procedure 2.11(11), which requires the defendant assert his intent to rely on an alibi no later than forty days after arraignment. The district court held a hearing on the matter September 9, 2013, and denied the State's motion to strike.

On October 11, 2013, the State filed additional minutes of testimony. The minutes listed an assistant jail administrator as a witness who was prepared to testify regarding the letters written by Good.

Trial commenced on November 5, 2013. Good objected when the State moved to admit the letters into evidence. He argued the letters were not relevant and were more prejudicial than probative.[1] In response, the State offered a redacted version of the letters. The court overruled Good's objections and allowed the redacted letters to be admitted into evidence. Good later objected to the letters on the grounds of "untimely filing." He argued, "I've got the informal discovery dated October 21st, yet the State had this information for three months before physical copies were received, and that was just a few weeks before trial, your Honor." The court overruled the objection.

---

[1] At trial, Good also argued that the letters were inadmissible because they were hearsay. He does not make that argument on appeal.

On November 8, 2013, the jury returned a verdict finding Good guilty of arson in the first degree. He was sentenced to a term of incarceration not to exceed twenty-five years. Good appeals.

## II. Standard of Review.

We generally review evidentiary rulings for an abuse of discretion. *State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008). An abuse of discretion occurs when the trial court abuses its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

## III. Discussion.

Good maintains the district court abused its discretion by admitting letters he wrote into evidence at trial. He maintains the letters should not have been admitted because they were not relevant, they were unduly prejudicial, and the State failed to timely file notice of an alibi rebuttal witness.

### A. Alibi Rebuttal Witness.

On appeal, Good contends the letters were inadmissible because Iowa Rule of Criminal Procedure 2.11(11)(a) requires the prosecuting attorney to file written notice of any witnesses the State proposes to offer to rebut or discredit the defendant's alibi, and the State did not do so in this case. This alleged error is not preserved.

At trial, Good's attorney objected to the admission of the letters because of "untimely filing." Both the State and the court understood Good's objection to concern Iowa Rule of Criminal Procedure 2.19(2) ("Additional witnesses in support of the indictment or trial information may be presented by the prosecuting attorney if the prosecuting attorney has given the defendant's attorney of

record . . . a minute of such witness's evidence . . . at least ten days before the commencement of the trial."). The State responded that additional minutes of testimony referencing the letters were filed on October 11, 2013—almost one month before trial commenced on November 5, 2013. The court ruled, "That objection you made goes to whether the State provided discovery as required under the Rule of Criminal Procedure. . . . The Court will advise the jury that the objection is overruled."

In Good's reply brief, he contends that if error is not preserved, trial counsel was ineffective for failing to preserve error. Ineffective-assistance-of-counsel claims are an exception to the general rule of error preservation. *State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006). However, issues may not be raised for the first time in a reply brief. *See State v. Wilet*, 305 N.W.2d 454, 458 (Iowa 1981) ("We will not consider matters raised for the first time in a reply brief."); *see also* Iowa R. App. P. 6.903(4) ("The appellant may file a brief *in reply* to the brief of the appellee." (emphasis added)). Obviously the purpose of the rule is to allow both parties the opportunity to brief the issue. Accordingly, this issue shall not be addressed further but may be raised in possible postconviction-relief proceedings.

**B. Relevance.**

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401. Here, Good filed notice of his intent to establish an alibi at trial. Good never formally withdrew the notice of defense. However, he maintains the information in the

letters was not relevant because he "never argued his alibi defense" and it was "functionally abandoned." In essence, Good argues that until he presented evidence of an alibi, the State's evidence in their case-in-chief rebutting the alibi was not relevant. Good does not cite authority that recognizes functional abandonment of a defense. Additionally, the State had to present its case-in-chief before the defendant could have "functionally abandoned" the alibi defense under these facts, as during opening statements defense counsel argued there was no evidence placing the defendant at the scene. At the time the court ruled on the objection, the issue of whether Good had an alibi was still very much in dispute. Although we would agree in general that evidence to rebut an alibi defense is not probative of the issues until evidence of the alibi is presented, here the letters clearly reflect such statements against his interest such as: "I do not have an alibi," "I am going to beat this charge," "you could help my situation out if you could testify," and "there is just so much I want to tell you about it but I am afraid to for fear that they might find this letter and try to use it against me." The letters clearly depict Good attempting to persuade the other individual to testify on his behalf in full knowledge that he did not have an alibi and was afraid to tell her facts in fear the letter would be used against him at trial. Such evidence would clearly be more probative in rebuttal if Good had presented evidence of an alibi, but we nonetheless conclude the letters contained evidence probative to the issues in the State's case-in-chief, specifically the identity of the arsonist. Evidence of "attempted evasion, palpable falsehood, or suppression of the true facts by one suspected of crime" is not inadmissible hearsay but rather is "relevant and material on the theory that consciousness of guilt may be inferred."

*State v. Crowley*, 309 N.W.2d 523, 524 (Iowa Ct. App. 1981) (concluding statement by defendant soon after his arrest that he was with his girlfriend rather than at the site of a robbery was properly admitted although defendant had not yet testified).[2]

### C. Unduly Prejudicial.

Good maintains that even if the letters were relevant, they were unduly prejudicial and should not have been admitted. Iowa Rule of Evidence 5.403 provides for the exclusion of relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice."

To determine whether evidence should be excluded under rule 5.403, we apply a two-part test. *State v. Neiderbach*, 837 N.W.2d 180, 202 (Iowa 2013). First, we consider the probative value of the evidence. *Id.* Next, we balance the probative value against the danger of its prejudicial or wrongful effect upon the jury. *See id.* Evidence is unfairly prejudicial when it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case." *Id.* We recognize that "all powerful evidence is prejudicial to one side." *Id.* Thus, the question is "whether the danger of *unfair* prejudice substantially outweighs the evidence's probative value." *Id.* "Unfair prejudice is the undue tendency to suggest decisions on an improper basis, commonly though not necessarily, an

---

[2] We suspect Good's knowledge that the State intended to present the confiscated letters affected his decision to present the alibi defense.

emotional one." *State v. Huston*, 825 N.W.2d 531, 537 (Iowa 2013) (internal quotation marks omitted).

Here, Good's statements in the letters were probative to whether it was possible Good had committed the arson. We do not believe unfair prejudice outweighs the probative value. The letters are not the type of evidence to evoke emotional responses from the jury. Additionally, it is not *unfairly* prejudicial to inform the jury that Good did not have an alibi for the night in question. Good argues the letters were unduly prejudicial because they made it likely the jury would convict him for being a "conniving and deceitful" person rather than for starting the fire. However, the letters were not used to show that Good was acting in conformity with such bad character. Rather, the letters were probative of Good's involvement in the crime.

## IV. Conclusion.

We find Good's argument regarding the State's failure to provide notice of an alibi rebuttal witness is not preserved, and we do not consider it. Because we find the letters were relevant and were not unduly prejudicial, the district court did not abuse its discretion in admitting them at trial, and we affirm.

**AFFIRMED.**