**IN THE COURT OF APPEALS OF IOWA**

No. 16-1729
Filed May 3, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSIE JARELL MARSHALL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Todd A. Hensley, District Associate Judge.

Jessie Marshall appeals his conviction and sentence following his guilty plea to possession of a controlled substance, marijuana, third offense. **AFFIRMED.**

Tod J. Deck of Deck Law LLP, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Jessie Marshall appeals his conviction and sentence following his guilty plea to possession of a controlled substance, marijuana, third offense, in violation of Iowa Code section 124.401(5) (2016).  He appeals, challenging his guilty plea on the basis the district court failed to inform him of the mandatory minimum punishment of forty-eight hours' incarceration, as required by Iowa Rule of Criminal Procedure 2.8(2)(b)(2).  He also complains his written plea was an insufficient waiver of his right of allocution.

We review a challenge to a guilty plea for correction of errors at law.  *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).  We review sentencing procedures for an abuse of discretion.  *State v. Craig*, 562 N.W.2d 633, 634 (Iowa 1997).  "Such abuse will only be found if the district court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable."  *Id.*

In order to challenge a guilty plea on appeal, a defendant must file a motion in arrest of judgment.  *See State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) ("Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal."); Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty-plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").  Pursuant to rule 2.8(2)(d), "[t]he court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."

"[I]t is 'unnecessary . . . for the trial court to actually engage in an in-court colloquy with a defendant so as to personally inform the defendant of the motion in arrest of judgment requirements.'" *Fisher*, 877 N.W.2d at 680–81 (quoting *Meron*, 675 N.W.2d at 541). "Instead, a written waiver filed by the defendant can be sufficient." *Id.*; *see also State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) (concluding the defendant failed to preserve error because he did not file a motion in arrest of judgment when his written guilty plea clearly stated that a failure to file such a motion would bar any challenge to his plea on appeal). Marshall's written guilty plea shows he was informed of his right to file a motion in arrest of judgment and that any failure to file such a motion would preclude his right to assert any challenges to his guilty plea on appeal. Marshall did not file a motion in arrest of judgment. Therefore, his challenge to his guilty plea based on the district court's failure to inform him of the mandatory minimum punishment is not preserved for our review.[1]

Marshall next argues the handwritten notation included within his written guilty plea waiving his right of allocution was insufficient because, although "[t]he handwritten notation . . . presumably waives Marshall's right to be present at sentencing and right to allocution . . . , the written plea did not inform Marshall of the meaning of his waiving right to allocution in the written plea." Thus, he claims

---

[1] In his reply brief, Marshall argues his trial counsel rendered ineffective assistance in failing to file a motion in arrest of judgment to preserve error on his claim. "Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). However, "[w]e will not consider matters raised for the first time in a reply brief." *State v. Willet*, 305 N.W.2d 454, 458 (Iowa 1981).

he did not knowingly, intentionally, and unambiguously consent to the waiver of his rights.

Under rule 2.23(3)(d), a defendant has the right to address the court personally "to make a statement in mitigation of punishment." A defendant may waive the right of allocution. *State v. Jones*, 817 N.W.2d 11, 19 (Iowa 2012). This waiver must be "knowing and intentional." *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (citing *State v. Seager*, 571 N.W.2d 204, 209 (Iowa 1997) (noting that waiver is defined as an "intentional relinquishment of a known right")). Our court has previously held a defendant's "waiver of his right to be present for sentencing serves as a waiver of his right to allocution." *State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *3 (Iowa Ct. App. Jan. 24, 2013); *see also State v. Culberson*, No. 13-2049, 2015 WL 6509754, at *1 (Iowa Ct. App. Oct. 28, 2015) (determining the defendant "knowingly and intentionally waived his right to make a statement in mitigation of punishment" by expressly waiving his "right to personally address the court at the time of sentencing," which "unambiguously refer[red] to [the defendant]'s right of allocution").

The record shows Marshall expressly waived his right to be present for his sentencing and his right of allocution when he signed the written "Waiver of Rights and Guilty Plea" that included the handwritten notation, "I waive my right to be present at sentencing and to allocute." Thus, his claim fails.

Accordingly, we affirm Marshall's conviction and sentence.

**AFFIRMED.**