# IN THE COURT OF APPEALS OF IOWA

---

No. 24-1845
Filed March 11, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**John Robert West,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Muscatine County,
The Honorable Tom Reidel, Judge.

---

**AFFIRMED**

---

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

This is a child sex-abuse case. In 2020, when the child was eleven years old, his mother agreed to let him go on two road trips of approximately one month each with a long-haul truck driver named John Robert West. The first trip occurred in June and did not involve any claimed sexual abuse, but during that trip, West rubbed baby oil on the child in lieu of allowing him to bathe. Things changed with the second trip, which started in early July.

The second trip began when the child was dropped off at a motel in Muscatine where West resided when he stopped in Iowa. At the motel, West directed the child to take a bath. When the child refused, West "ripped off" the child's clothes and shaved the child's body, including his genitals. The two left Iowa the next morning.

About a week into the trip, West began performing sex acts on the child and forcing the child to perform sex acts on him. The child endured near daily abuse thereafter during the nearly month-long trip. The child estimated West put his mouth on the child's penis fifteen to twenty times, West forced the child to put his mouth on West's penis five or more times, and West put his penis in the child's anus approximately twenty-five times. The abuse occurred in the cab of West's truck, but the child was unsure what states the truck was in when the abuse occurred because they were constantly on the move and West denied the child access to a phone. But the child was sure the shaving incident took place at the motel in Muscatine.

Following a bench trial, the district court found West guilty of seven counts of second-degree sexual abuse and four counts of lascivious acts with

a child.[1]  The court sentenced him to indeterminate terms not to exceed twenty-five years for each count of sexual abuse in the second degree and not to exceed ten years for each count of lascivious acts with a child.  The sentences for two counts of sexual abuse in the second degree were run consecutively to each other and concurrently to the sentences for the other nine charges.  The resulting indeterminate sentence not to exceed fifty years was also ordered to be served consecutively to West's sentence in another case that is not before us in this appeal.

West appeals.  He claims (1) there was insufficient evidence that his crimes were committed in Iowa, so Iowa lacks territorial jurisdiction to prosecute him; (2) there is insufficient evidence supporting three of the counts of sexual abuse in the second degree because the State failed to prove West committed the abuse in the manner alleged in the trial information; (3) there is insufficient evidence that West was at least sixteen years old (a required element to support the charges for lascivious acts with a child); and (4) the district court abused its discretion by failing to give reasons for imposing consecutive sentences.  We address each claim in turn.

## I.     Sufficiency Challenges

We review sufficiency-of-the-evidence challenges for correction of errors at law.  *State v. Sievers*, 20 N.W.3d 203, 207 (Iowa 2025).  We view the evidence in the light most favorable to the State.  *Id.*  We review the district

---

[1] The district court found West not guilty of a twelfth charge of indecent contact with a child related to the shaving incident, not because the court found that West didn't engage in the conduct, but because the State failed to put on evidence that West was eighteen years old or older at the time.  *See* Iowa Code § 709.12(1) (2020) (requiring proof of the defendant being eighteen years of age or older to constitute the crime of indecent contact with a child).

court's ruling following a bench trial the same as we would a jury verdict, which is to affirm if the ruling is supported by substantial evidence. *State v. Myers*, 924 N.W.2d 823, 826 (Iowa 2019). Substantial evidence is evidence that could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Sievers*, 20 N.W.3d at 207.

### A. Territorial Jurisdiction

West contends the State failed to prove that his actions occurred in Iowa, so Iowa lacks territorial jurisdiction to prosecute him for those actions. "Territorial jurisdiction refers to a state's power to create criminal law [and] the permissible geographic[] scope" of its enforcement of those laws. *State v. Rimmer*, 877 N.W.2d 652, 661 (Iowa 2016) (citation omitted). Iowa's territorial jurisdiction statute provides, in pertinent part:

> 1. A person is subject to prosecution in this state for an offense which the person commits within or outside this state, by the person's own conduct or that of another for which the person is legally accountable, if:

> (a) The offense is committed either wholly or partly within this state.

> . . . .

> 2. An offense may be committed partly within this state if conduct which is an element of the offense, or a result which constitutes an element of the offense, occurs within this state.

Iowa Code § 803.1. Territorial jurisdiction is an essential element of every crime and must be proved beyond a reasonable doubt. *State v. Serrato*, 787 N.W.2d 462, 468 (Iowa 2010).

West contends that, because the child testified that West's acts that constituted sexual abuse in the second degree and lascivious acts with a child all occurred outside of Iowa, the State failed to prove Iowa has territorial

jurisdiction. But West's contention ignores how our supreme court has interpreted section 803.1.

In *Serrato*, our supreme court interpreted section 803.1 to be satisfied "if the defendant, with the requisite intent, does a preparatory act in Iowa that is more than a *de minim*[*i*]*s* act toward the eventual completion of the offense." 787 N.W.2d at 471 (cleaned up). Here, the evidence establishes that West, with the requisite intent, engaged in preparatory acts in Iowa that were more than *de minimis* toward the eventual completion of the crimes of sexual abuse and lascivious acts with a child. Specifically, his actions of using his hands to shave the penis and testicles of the eleven-year-old child demonstrate his intent to engage in criminal conduct and constitute preparatory acts in the form of grooming[2] that were more than *de minimis*. Further, taking the child out of state away from the protection of his mother and providing West with the opportunity to be alone with the child constituted preparatory acts that were more than *de minimis*. *See People v. Betts*, 103 P.3d 883, 893 (Cal. 2005) ("Defendant's acts of driving the girls across the state in his truck constitute sufficient conduct to establish California's jurisdiction over his crimes. These acts were not merely *de minim*[*i*]*s*; they furthered the completion of the charged offenses by removing the girls from the protection of their mother and providing defendant with opportunities to be alone with each of them.").

The above-described preparatory acts were more than *de minimis* toward the eventual completion of the crimes of which West was found

---

[2] Here, we refer to "grooming" in the sense of "gain[ing] the trust of or influence over (a child) . . . as preparation for sexual abuse, exploitation, or trafficking," rather than in the sense of "giv[ing] (a person, oneself) a clean, neat, or smart appearance" or "arrang[ing] or styl[ing] (one's hair, nails, clothes, etc.)." *See Groom*, *Oxford English Dictionary* (3d ed. 2023), https://perma.cc/SG3W-2FDC.

guilty, so they were enough to meet the requirements of section 803.1 and give Iowa territorial jurisdiction over West's crimes. *See Serrato*, 787 N.W.2d at 471. Accordingly, we reject West's challenge to his convictions based on a claimed lack of territorial jurisdiction and conclude that the district court did not err in finding that the State established such jurisdiction. *See id.*

## B.    Challenge to Three Counts of Second-Degree Sexual Abuse

Next, West challenges three of his convictions for sexual abuse in the second degree, claiming the proof at trial did not match the theory of how the crimes were committed as stated in the trial information. Specifically, he contends that the trial information charged two counts (counts V and VI) based on the claim that West placed his finger in the child's anus and one count (count VII) based on the claim that West ejaculated in the child's mouth. He contends the State failed to present evidence that these three counts were committed in the ways described.

While West attempts to frame the issue as a sufficiency-of-the-evidence challenge, we agree with the State that West is really making a variance challenge.[3] Generally, when there are multiple ways to violate a statute and the State specifies the way the defendant committed the offense, the State must prove the defendant violated the statute in the manner alleged. *State v. Willet*, 305 N.W.2d 454, 457 (Iowa 1981). If there is a variance

---

[3] To the extent West is making a sufficiency challenge, given the evidence that West committed at least twenty sex acts involving oral sex and approximately twenty-five sex acts involving anal sex, there is ample evidence supporting his convictions for seven counts of sexual abuse in the second degree. As we understand his argument, West's complaint is that there was a variance between how three of the sexual-abuse counts were charged in relation to the proof, not that there is insufficient evidence supporting a finding that he committed sexual abuse in the second degree in some way at least seven separate times.

between how the crime is charged in the trial information and the proof at trial, the remedy is a new trial. *Id.* But we only require a new trial if a substantial right of the defendant is prejudiced, which occurs if the defendant is not fairly notified of the charges such that the defendant may prepare a defense.[4] *Id.*

We find no prejudice here. As the State points out, the minutes of testimony included details of multiple ways the State alleged West violated the statute. *See State v. Grice*, 515 N.W.2d 20, 23 (Iowa 1994) ("Iowa courts consider both the indictment or information and the minutes filed when determining the adequacy of the allegations to apprise the accused of the crime charged."). While the minutes and trial information allege digital penetration of the child's anus and ejaculation in the child's mouth, the minutes also note that the other ways West committed sexual abuse (i.e., West performing oral sex on the child, forcing the child to perform oral sex on West, and West putting his penis in the child's anus) happened multiple times and the exact number of sex acts was unknown. This put West on notice that the State intended to pursue claims of multiple ways West committed sexual abuse and that he committed each way multiple times.

Perhaps more importantly, West's defense at trial did not challenge the evidence that West sexually abused the child multiple ways, multiple times. Instead, the defense focused on trying to highlight that the sex acts did not occur in Iowa. Given this defense strategy, we do not see how West's defense would have changed had he known that the sexual-abuse-in-the-second-degree charges in counts V through VII would be established by proof that the abuse was perpetrated by oral or anal sexual abuse rather than by digital

---

[4] The State contends West failed to preserve error on his variance challenge. We assume without deciding that West has preserved error and proceed to the merits.

penetration and ejaculation sexual abuse. And West does not articulate how his defense was hamstrung by this variance, so we find no prejudice. *See State v. Yeo*, 659 N.W.2d 544, 552 (Iowa 2003) (finding no prejudice when the defendant anticipated and defended against the variance between the way the crime was charged in the trial information and how it was proved at trial). As such, we decline to grant West a new trial based on that variance.

## C.    Proof of Age

For his final challenge to his convictions, West attacks the sufficiency of the evidence of his age supporting the charges for lascivious acts with a child. Such charges require proof that West was sixteen years of age or older. *See* Iowa Code § 709.8(1) (defining the crime of lascivious acts with a child to include acts done by a defendant who is sixteen years of age or older). For reasons unknown, the State did not present direct evidence of West's age. But the district court found that the State established that West was sixteen or older based on the evidence that he was an over-the-road truck driver—noting that such employment would require a driver's license and the commonly known fact that one must be at least sixteen to obtain a driver's license—and West's physical appearance at trial.

West contends the district court's finding on the element of West's age is not supported by substantial evidence. We disagree. Our case law establishes that a factfinder can rely on a defendant's physical appearance to determine a defendant's age when there is corroborating circumstantial evidence. *See State v. Thompson*, 365 N.W.2d 40, 42–43 (Iowa Ct. App. 1985) (noting that proof that a defendant is eighteen years old or older can be established by the defendant's appearance so long as there is "some other evidence in conjunction with the appearance of the defendant" (citation omitted)). Here, the district court discerned corroborating circumstantial

evidence of West's age based on his occupation as an over-the-road truck driver, which would require a driver's license that cannot be obtained until one is sixteen years old. *See id.* at 43 (recognizing the nature of the defendant's employment as corroborating evidence that the defendant was at least eighteen). We also note that the evidence established that West lived independently, which is additional corroborating evidence recognized by our case law. *See State v. Schaefer*, No. 09-0586, 2011 WL 768817, at *2 (Iowa Ct. App. Mar. 7, 2011) (listing "he was apparently living independently from any parents" as part of the corroborating evidence supporting a finding that the defendant was at least eighteen).

A reasonable factfinder, using its common sense and life experiences, could conclude that West was at least sixteen years old at the time he committed the acts charged based on his physical appearance along with evidence that he lived independently and was employed at a job that would require a driver's license, which West could not get without being at least sixteen. So we reject his challenge to his convictions for lascivious acts with a child based on claimed lack of proof of his age.

## II. Sentencing

West also challenges his sentence, contending the district court abused its discretion by imposing consecutive sentences. We review a court's sentencing decision for abuse of discretion. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). The court must give reasons for imposing consecutive sentences. *State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024). The reasons can be terse and succinct, so long as the brevity does not prevent review of the exercise of the sentencing discretion. *State v. Duffield*, 16 N.W.3d 298, 303 (Iowa 2025). The sentence chosen is "cloaked with a presumption in [its] favor." *Luke*, 4 N.W.3d at 458 (cleaned up).

9

Here, after explaining the reasons generally for the sentence imposed, the court gave this reasoning for consecutive sentences (consecutive both in relation to counts in this case and in relation to another case):

> The Court finds that the reason being that the multitude of offenses deserves consecutive sentencing to protect the community, to maximize Mr. West's own rehabilitation, and to deter this type of conduct in others.
>
> Additionally, as this is a separate victim, the Court finds it's appropriate once again to protect the community, maximize rehabilitation, and to deter this type of conduct in others, and to recognize that each of the victims has a right to see proper punishment for the offenses that Mr. West has committed, his sentence in this matter shall be consecutive to the sentence in [the other case].

Contrary to West's claim, the stated reasons are not boilerplate and did not constitute an abuse of discretion. *Compare State v. Lumadue*, 622 N.W.2d 302, 304–05 (Iowa 2001) (finding the sentencing court abused its discretion by using boilerplate language that read, "The court has determined that this sentence will provide reasonable protection of the public. Probation is denied because it is unwarranted."), *and State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987) (finding the sentencing court abused its discretion by using boilerplate language stating, "The court has reviewed the circumstances of the offense, and the defendant's prior background."), *with State v. Gurisho*, No. 24-0466, 2025 WL 1704387, at \*2 (Iowa Ct. App. June 18, 2025) (finding the sentencing court did not abuse it discretion because it considered the seriousness of the charge, the harms done to separate victims, and the best opportunity for rehabilitation and protection of the community).

The stated reasons for imposing consecutive sentences, though terse and succinct, were sufficient to allow us to assess the exercise of the court's discretion. As such, we reject West's claim that the district court abused its

discretion by failing to provide adequate reasons for imposing consecutive sentences.

## III.   Conclusion

West's territorial jurisdiction claim fails based on the evidence of preparatory acts that occurred in Iowa and application of the standards established in *Serrato*.  *See* 787 N.W.2d at 471.  His claim that there was a variance between how three counts were described in the trial information and how they were proved at trial fails because the variance did not prejudice his substantial rights.  Substantial evidence supports the district court's finding that West was at least sixteen years old based on the observations of West at trial coupled with corroborating circumstantial evidence.  And his sentencing challenge fails because the district court provided adequate reasons for imposing consecutive sentences.  Having denied all of West's claims, we affirm.

**AFFIRMED.**