# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0757
Filed June 24, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Steven James McAllister,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Winnebago County,
The Honorable Karen Kaufman Salic, Judge.

———————————

**AFFIRMED**

———————————

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Badding, P.J., Sandy, J., and Doyle, S.J.
Opinion by Doyle, S.J.

**DOYLE, Senior Judge.**

Steven McAllister appeals his conviction for perjury, claiming that the district court's amendment of the marshaling instruction violated his right to due process and challenging the sufficiency of the evidence supporting his conviction. On our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Steven McAllister pleaded guilty to third degree sexual abuse for performing a sex act on a child fourteen or fifteen years old when he was four or more years older than the child.[1] At sentencing, he was asked about his contact with the child while a no contact order was in place during the pendency of his case. When asked the means of that contact, whether it was "in person or through electronic means or otherwise," McAllister responded: "electronic means." The prosecutor challenged McAllister, asking "isn't it true that you also met her in person while the no contact order was in place in the state of Minnesota?" McAllister responded, "That is not true."

Having evidence that McAllister did in fact meet the child in Minnesota in violation of the Iowa no contact order, the State charged McAllister by trial information with perjury for "knowingly making a false statement of material fact while under oath or affirmation" on the date of the sentencing hearing. The trial information did not specify the knowingly false statement. But the accompanying minutes of evidence included the transcript of the sentencing hearing.

---

[1] McAllister challenged the sentence imposed in that case, and we recently affirmed that appeal. *State v. McAllister*, No. 24-1549, 2026 WL 1477505 (Iowa Ct. App. May 27, 2026).

At a pre-trial conference, the parties acknowledged the sentencing transcript would be admitted but debated how much of that transcript needed to be redacted. McAllister wanted more portions of the transcript relating to the type of contact he had with the child redacted. The State wanted to include more questioning about McAllister's means of contact with the child, including his response that he had electronic communication with her. And the prosecutor noted that McAllister's response that his communication with the child was by electronic means could also serve as the factual basis for the perjury charge because he also had in person contact. As the court ruled, the State could admit the more expansive portion of the sentencing transcript that also included McAllister's statement about his communication with the child being by electronic means in addition to his denial that he met with the child "in person while the no contact order was in place in the state of Minnesota."

The perjury charge was then tried to a jury. The child testified to meeting McAllister twice in person, both times in Minnesota, while the no contact order was in effect. She also testified about her text messages with McAllister. And the court reporter from the sentencing hearing testified as to the accuracy of her transcript of the sentencing hearing, which was admitted as an exhibit and redacted as the State had previously requested. McAllister testified in his own defense, explaining that the questioning at the sentencing hearing about whether he had in-person contact with the child in violation of the no contact order in Minnesota confused him because he thought the question referenced a Minnesota no contact order that did not exist at the time.

McAllister moved for judgment of acquittal at the close of the State's case and the defense's, which the district court denied both times. When

discussing the jury instructions, the court informed the parties it intended to modify the marshaling instruction to allow the jury to convict on one of two alternatives, one based on McAllister's statement that his communication with the child had only been by electronic means and another based on his denial that he had any in-person contact with the child in the state of Minnesota. McAllister objected to the inclusion of his "electronic means" statement, arguing that he was not on notice of that basis for the charge and its inclusion would violate his right to due process. The court denied McAllister's objection and submitted the following marshaling instruction to the jury:

> The elements of Perjury are:
>
> 1. On or about the 24th day of September, 2024, Defendant was under oath.
>
> 2. The oath was made in a sentencing hearing.
>
> 3. Defendant made a statement of material fact:
>
> > In response to question "And was the contact in person or through electronic means or otherwise?": "Electronic means."
>
> > and/or
>
> > In response to question "And isn't it true that you also met her in person while the No Contact Order was in place in the State of Minnesota?": "That is not true."
>
> 4. The statement was false when it was made.
>
> 5. Defendant knew the statement was false.
>
> If the State has proven all of the elements, the defendant is guilty of Perjury and the foreperson shall sign Verdict Form 1. However, if the State has failed to prove any one of the elements, Defendant is not guilty and you shall sign Verdict Form 2.

The court also provided an instruction explaining that "[a] fact is material if it: (1) supports or attacks the credibility of a witness; (2) has a tendency to prove or disprove a relevant fact (not necessarily the main fact at issue); and/or (3) is capable of influencing the court on any issue." Another instruction explained, "For Defendant to 'know' something means he had a conscious awareness that the statement he made was false."

During deliberations, the jury asked the following question: "#5 Is it just one statement that the defendant knew was false for this to be checked as guilty?" After consulting with the parties, the court asked if "#5" in the jury question was a reference to the fifth element in the marshaling instruction and whether "just one statement" in the question was a reference to "one of the alternative statements in the third element in" the marshaling instruction. The jury responded, "yes" to both questions. Again, after consulting the parties, the court answered the jury question as follows: "With respect to element 5, the State must prove beyond a reasonable doubt that Defendant knew at least one of the two statements was false; however, you will have had to also have found that same statement was a statement of material fact." The jury then returned a guilty verdict.

McAllister appeals, claiming the district court's decision to include two alternatives in the marshaling instruction violated his right to due process and challenging the sufficiency of the evidence supporting his conviction.

## DISCUSSION

### I. Jury Instruction

We begin by addressing McAllister's due process argument. McAllister claims he was not informed his "electronic means" response to the question about the form of his communication with the child would be

used as a factual basis for the perjury change, so its inclusion as an alternative basis for conviction in the marshaling instruction violated his federal and state due process rights. When an issue arising from the jury instructions has a constitutional component, our review is de novo. *State v. Becker*, 818 N.W.2d 135, 140–41 (Iowa 2012), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 & n.3 (Iowa 2016).

Due process prohibits a defendant's trial from being fundamentally unfair. *Id.* at 148. Understandably, due process requires a "defendant be given notice of the charge sufficient to enable him to prepare a defense." *State v. Butler*, 706 N.W.2d 1, 5 (Iowa 2005). But the crux of McAllister's complaint does not center around any change to the charge itself, rather McAllister's complaint is rooted in his belief the factual basis for the charge shifted from the trial information to the submission of the case to the jury. So we agree with the State that McAllister's claim is better characterized as a variance challenge.

> Generally, when there are multiple ways to violate a statute and the State specifies the way the defendant committed the offense, the State must prove the defendant violated the statute in the manner alleged. *State v. Willet*, 305 N.W.2d 454, 457 (Iowa 1981). If there is a variance between how the crime is charged in the trial information and the proof at trial, the remedy is a new trial. *Id.* But we only require a new trial if a substantial right of the defendant is prejudiced, which occurs if the defendant is not fairly notified of the charges such that the defendant may prepare a defense. *Id.*

*State v. West*, No. 24-1845, 2026 WL 685763, at *3 (Iowa Ct. App. Mar. 11, 2026) (footnote omitted). When determining whether a defendant has been adequately informed of the allegations supporting the crimes charged, we look to both the trial information and the accompanying minutes of evidence. *State v. Grice*, 515 N.W.2d 20, 22–23 (Iowa 1994).

6

Here, the trial information generally stated that McAllister, "on or about September 24, 2024, in Winnebago County, State of Iowa, did commit perjury by knowingly making a false statement of material fact while under oath or affirmation." And the accompanying minutes of evidence included statements from several people who investigated McAllister's contact with the child. One statement detailed the discovery of "hundreds of text messages between McAllister and [the child] between April 19, 2024 and April 24, 2024." Other statements discussed investigating McAllister's in-person contact with the child around the same timeframe. And the minutes also included the full transcript from the sentencing hearing on September 24, 2024, wherein McAllister stated his communication with the child was by electronic means and denied meeting the child "in person while the no contact order was in place in the state of Minnesota."

It is true that the minutes detail that the court reporter from the sentencing hearing would "testify that defendant was questioned as follows: 'And isn't it true that you also met her in person while the no contact order was in place in the State of Minnesota?' and that Defendant answered: 'That is not true.'" But we disagree with McAllister's contention that limited the factual basis for the perjury charge to the exchange identified by the court reporter. The minutes also explain that the court reporter would "testify to all other matter contained within the transcript of the sentencing hearing." That, coupled with the other components of the minutes of evidence, makes clear that while the focus might have been on McAllister's response to the question about in person contact in Minnesota, all of his statements at the sentencing hearing relating to whether he had in person contact with the child would serve as the basis for the perjury charge. So there was no fatal variance between the charging instrument and the proof at trial. Moreover, we note that during the pre-trial hearing the State specifically alerted the

7

district court and McAllister that McAllister's statement that his communication with the child was done through "electronic means" could also serve as a factual basis for the perjury charge. And to the extent that McAllister alleges a due process violation due to some fundamental unfairness relating to notice of the charges against him, his due process claim fails for the same reasons.

## II. Sufficiency of the Evidence

We review McAllister's sufficiency-of-the-evidence challenge "for correction of errors at law." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (citation omitted). "[W]e are highly deferential to the jury's verdict." *Id.* And we are bound by that verdict so long as it is supported by substantial evidence. *Id.* "Substantial evidence, in turn, is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) (cleaned up). When reviewing the evidence, we view it "in the light most favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Crawford*, 972 N.W.2d at 202 (cleaned up). "It is not our place to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Brimmer*, 983 N.W.2d at 256 (cleaned up).

"A person who, while under oath or affirmation in any proceeding or other matter in which statements under oath or affirmation are required or authorized by law, knowingly makes a false statement of material facts or who falsely denies knowledge of material facts, commits [perjury,] a class 'D' felony." Iowa Code § 720.2 (2024). McAllister argues that the State failed to establish he *knowingly* made false statements at his sentencing hearing,

citing his purported confusion about the terms of the no contact order. The relevant portion of the sentencing hearing wherein McAllister gave the false statements is as follows:

> [Prosecutor]: And you mentioned that you're willing to follow through with the no contact order provisions, but it's true that you had contact with the victim after this charge was filed and while the no contact order was in effect, correct? [McAllister]: That is correct.
>
> Q. And how many times did you have contact with her? A. I don't know.
>
> **Q. And was that contact in person or through electronic means or otherwise? A. Electronic means.**
>
> Q. And who initiated that contact? A. The victim.
>
> **Q. And isn't it true that you also met her in person while the no contact order was in place in the state of Minnesota? A. That is not true.**

The evidence admitted at trial established that McAllister did have in person contact with the child twice during the relevant time period, first at a state park in Minnesota and then in the parking lot of a Wal-Mart store. But McAllister claims that his response that their contact was through "electronic means" was not knowingly false because his answer was simply incomplete given that he had both electronic and in-person contact with the child. We reject that contention. The question posed to him inquired if the contact was "in person or through electronic means or otherwise." By responding with just "electronic means," the reasonable inference is that McAllister was denying any in-person contact and only admitting to contact through electronic means. And the jury could conclude McAllister knowingly made that false statement because he knew he also had in-person contact with the child.

Likewise, we understand that McAllister claims that he believed the second relevant question posed at sentencing was inquiring whether he had in-person contact with the child while a no contact order issued by a Minnesota court was in effect and that's why he responded in the negative. But at the perjury trial, McAllister admitted that he understood that the questions posed at the sentencing hearing preceding the relevant question were about a no contact order issued by an Iowa court. It was reasonable for the jury to conclude McAllister understood the reference to the no contact order in the relevant question to still be referring to the no contact order issued by an Iowa court. And in reaching that conclusion the jury could conclude that McAllister understood the question and knowingly answered it incorrectly given that he knew he had met the child two times in Minnesota while the no contact order was in effect.

Essentially, McAllister asks this court to accept his explanations as the only reasonable interpretation of the evidence. But that we will not do because the evidence presented at trial can reasonably be interpreted in more than one way, and we will not substitute our judgment for that of the jury. *See State v. Mathis*, 971 N.W.2d 514, 519 (Iowa 2022) ("Appellate review of the jury's verdict is not the trial redux."). McAllister's conviction for perjury is supported by sufficient evidence.

**AFFIRMED.**